BENNETT WOOLSONCROFT, Appellant, v. ROY E. ROGERS, Appellee.

HIGHWAYS: Law of Road—Jury Question in re Negligence. Evidence attending the driving of an automobile upon the wrong side of the street, and the action of a pedestrian. in going diagonally across the street in front of the car, reviewed, and held to present a jury question on the issue of the driver's negligence, and of the contributory negligence of the injured person.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

JANUARY 10, 1922.

ACTION at law, to recover damages for personal injury. Judgment for defendant upon a directed verdict, and plaintiff appeals.—*Reversed.*

*McHenry & Bowers,* for appellant.

*James E. Goodwin* and *Neiman & Neiman,* for appellee.

WEAVER, J.—On January 31, 1919, the plaintiff, then a boy of 15 years, while crossing or attempting to cross Forest Avenue in the city of Des Moines, was struck and injured by an automo-

bile driven by the defendant or his agent. To recover damages for the injuries so received, he charges that the collision was caused by the negligence of the driver of the car, in that the latter was operating it at a high and dangerous rate of speed, of 35 miles to 40 miles per hour. It is further charged that the driver of the car saw the plaintiff in the street, and in a place of peril, in such time that, by the exercise of reasonable care by said driver, he could have avoided the collision; but that, instead of so doing, he turned his car to the left side of the street, thereby bringing about the accident. The defendant denies the allegations of negligence, and avers that plaintiff's injury was caused by his own negligence.

At the close of the evidence in chief on part of plaintiff, defendant moved for a directed verdict, on the ground that the evidence was insufficient to sustain a finding of negligence as charged in the petition, and that plaintiff was, as a matter of law, guilty of contributory negligence. The ruling on the motion was suspended until both parties had rested, when it was sustained, and judgment entered for defendant.

In considering the objection to this holding by the trial court, we are required to give the testimony the most favorable construction it will reasonably bear in support of the plaintiff's claim. Some of the pertinent facts and circumstances are not in serious dispute, while upon others there is a marked conflict in the testimony of witnesses. The record in this respect is such that the jury could have found that plaintiff, with other boys and girls, pupils from a near-by school, left the school building about 3 o'clock P. M. The party was moving to the west on the south side of Forest Avenue. Soon after passing the intersection with Sixteenth Street, the plaintiff, whether in sport or otherwise is not clear, turned to the right, and ran diagonally across the avenue, and after passing its middle, was struck by the defendant's car, moving eastward. Had the car kept to the south or right-hand side of the street, the collision would not have occurred. This fact is not denied by the driver, who concedes that, instead of keeping to the right-hand side of the street, he "swerved to the left" or north, but explains the act by saying that the plaintiff was being followed or chased across the street by another boy, and that it was to avoid hitting this

last-mentioned boy that he turned the car away from the curb. His story in this respect is corroborated by another witness; but plaintiff and his companions, eyewitnesses of the affair, unite in testifying positively that plaintiff was not followed into or across the street by anyone, and that the car, instead of keeping to the right along the curb, bore away to the left, and struck plaintiff when he had reached a point north of the middle of the street. The driver further says that the boy darted into the street not more than 15 feet east of the car, and ran about 10 feet before he was struck. At the same time, he says that the plaintiff was 50 to 75 feet west of the Sixteenth Street intersection when he turned into the street, and ran 10 feet before he was hit, and that the car moved 17 feet after the collision, and when it stopped, it stood with its rear end at the intersection. He also testifies that he could stop his car within the space of its length. It will be seen that these figures cannot well be harmonized with the defendant's theory of the facts. And as bearing upon the charge of negligence in driving at a negligently high speed, there is evidence to the effect that the car was moving at a rate of 20 or 30 miles per hour, and was 50 feet or more distant when plaintiff left the curb. Moreover, there is the evidence of several witnesses that, although the collision took place from 50 to 75 feet west of the intersection, the boy was dragged to the east side of Sixteenth Street, a distance of 100 feet or more, before the car was stopped. If, then, the driver saw the boy in the street 10 to 15 feet or more in front of him, and the boy ran another 10 feet before he was hit, and yet the driver, having the ability to stop the car within its length, 17 feet, continued to plunge ahead at a rate which carried him and the injured lad to or beyond the intersection, we think it a fair question for the jury whether the charge of negligence in this respect was proved.

We are further of the opinion that it cannot be said, as a matter of law, that plaintiff was chargeable with contributory negligence. It is fairly well established—indeed, it seems to be undisputed—that, while he may have taken a narrow chance in crossing the street in front of the car, he had safely accomplished his passage to the north of the middle of the street, leaving the car ample room to continue its unobstructed way on the

right side,—a circumstance which would sustain a finding that he did not negligently contribute to his own injury. No reason seems to be apparent why he was bound, as a matter of law, to anticipate that the course of the car might be "swerved to the left," out of its own proper line of travel.

What we have said necessitates the conclusion, without further discussion, that the defendant's motion for a directed verdict should have been denied.

The judgment below is, therefore, reversed and cause remanded for a new trial.—*Reversed and remanded.*

STEVENS, C. J., PRESTON and ARTHUR, JJ., concur.

DE GRAFF, J., takes no part.