GUNNAR HELLBERG, Appellant, v. C. S. LUND, Appellee.

No. 41850.

SEPTEMBER 26, 1933.

John C. Higgins, for appellant.

Chamberlin & Chamberlin and H. E. Kopf, for appellee.

CLAUSSEN, J.—The record brings but one question before this court for review. It concerns the instructions on contributory negli-

gence. The trial court advised the jury, in substance, that by such negligence was meant negligence on the part of plaintiff which caused or contributed to cause the injuries complained of and without which such injuries would not have been sustained. The court further told the jury in effect that a failure on the part of plaintiff to exercise ordinary care for his own safety would constitute contributory negligence, and would bar his right to recover if such failure caused or contributed to cause his injuries.

Appellant complains that the instructions do not require a "direct" relationship between negligence on the part of plaintiff and the injuries before recovery is barred, and he also contends that contributory negligence must be the proximate cause of injury to prevent recovery.

In the case of Towberman v. Des Moines City Railway Co., 202 Iowa 1299, 211 N. W. 854, Mr. Chief Justice Albert reviewed the decisions of this court bearing on the relationship that must exist between negligence on the part of plaintiff and the injuries sustained by him to bar recovery. More recently the question has been examined by Mr. Justice Kindig in the case of Hogan v. Nesbit, 216 Iowa 75, 246 N. W. 270. This court is now firmly committed to the rule that such relationship must be causal. The rule as it now stands is elementary in simplicity, and we are not disposed to cast doubt on it by overnicety in distinctions. Negligence which causes or contributes to cause an injury bears causal relationship to such injury, and certainly negligence, but for which the injury would not have occurred, is causally related to the injury.

The instructions on contributory negligence have been considered in the light of exceptions taken to them by plaintiff. It has been noted that the court advised the jury that contributory negligence was negligence on the part of plaintiff, without which the injuries complained of would not have been sustained. Such negligence need go no further than to cause or contribute to cause the injuries complained of.

Upon the authority of the cases cited above, the judgment of the trial court must be and is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and STEVENS, JJ., concur.