JOSEPH LOUIS YANCE, by HOMER YANCE, his next Friend, Appellee, v. FLOYD HOSKINS, Appellant.

No. 44258.

SEPTEMBER 27, 1938.

Ferguson & Ferguson, for appellee.

Stipe, Davidson & Davidson, for appellant.

DONEGAN, J.—This action arises out of a collision between two automobiles which occurred on a bridge on an east and west dirt road a few miles west of the town of Coin, in Page county, Iowa, on the 17th day of May, 1936, between seven and eight o'clock in the evening. The plaintiff, a young man then about 18 years of age, was driving a 1926 Model T Ford coupe eastward upon this highway, and a 1930 Chevrolet sedan owned by the defendant, Floyd Hoskins, and driven by his 17 year old son, John Hoskins, was proceeding westward on said highway. The collision occurred on a wooden bridge about 45 feet long and 14 feet wide between the wooden guard rails along the sides thereof, which spans a creek or drainage ditch. To the westward of this bridge there is a hill with a fairly steep grade, the top of which is some distance nearer to the bridge than a hill which lies to the eastward of the bridge. The plaintiff, Joseph Louis Yance, was alone in the Ford coupe, while the defendant's son, John Hoskins, was accompanied by four other young people in the Chevrolet sedan, two of whom were seated with him in the front seat. According to the evidence it was then dusk and neither driver could see the outlines of the other's car, but the lights on both cars were lighted, and the occupants of each car knew that the other car was coming from the opposite direction. Plaintiff testified that he came over the top of the hill to the west of the bridge about the same time that the car driven by the defendant's son came over the top of the hill to the east of the bridge; that, as he came down the hill west of the bridge, his car was traveling about twenty miles per hour, and as he approached the west end of the bridge he slowed down and was traveling less than 15 miles per hour; that, as he entered the bridge, he was on the south side within a foot of the south railing and he then saw the other car coming from the east on the north side of the road east of the bridge; that when he had proceeded one-half to two-thirds of the way across the bridge his car was within six inches of the south railing; that the other car came upon the bridge and swung directly into the center and kept coming at him until it hit the left front wheel of his car, and that his right front wheel was then within six inches of the south railing of the bridge; that when his car was struck he thought it was forced back to the west; that his car was knocked through the south railing and left the bridge about ten feet from the east end and landed upright on

its wheels on the east side of the ditch, about ten or twelve feet from the east end of the bridge, facing in a southeasterly direction. According to the testimony of John Hoskins, the driver of the defendant's car, he was half way down between the top of the hill and the bridge when he·saw plaintiff come over the top of the hill to the westward; that defendant's car was then going 35 or 40 miles per hour, but that he then began to slow down and when he got to the bridge his speed was not more than 25 miles per hour; that his car came on the bridge first; that as he saw the plaintiff's car west of the bridge it was turned somewhat to the south side of the road and he thought plaintiff was going to slow down so that defendant's car could go on the bridge first; that as defendant's car was starting onto the bridge the plaintiff pulled his car back onto the narrow approach to the bridge at the west end thereof; that defendant's car proceeded across the bridge with its right side about eight inches from the north side of the bridge; that he could not say where plaintiff's car came on the bridge with reference to the center; that the impact between the cars on the bridge was about ten feet from the west end; that the plaintiff's car was closer to the south side of the bridge than to the north and its left side was pretty close to the center of the bridge; that the front wheel of the Yance car struck the left front wheel of defendant's car; that defendant's car was thrown around and knocked off the railing at the northwest corner of the bridge; that when defendant's car finally came to rest it was facing southwest with its front wheels north of the road and its rear wheels in the ditch to the north of the road west of the bridge; that plaintiff's car first struck the west end of the railing on the south side of the bridge, shoved it off all the way along. It is undisputed that the south railing from the west end of the bridge to a point between 6 to 16 feet from the east end was broken off, and that a small portion of the railing at the west end of the bridge on the north side thereof was also broken off. The evidence tends to show that the clearance of the bridge was about 14 feet between the railings; that the width of plaintiff's car was about 5 feet 8 inches; and that the width of defendant's car was about the same.

Upon the trial of the case, the defendant's motion for a directed verdict, at the close of plaintiff's evidence and again at the close of all the evidence, was overruled. The jury returned

a verdict in favor of the plaintiff for $3,000 and judgment was entered thereon. Thereafter, the defendant's motion for judgment notwithstanding the verdict, motion for new trial, and exceptions to instructions, were overruled. From the judgment, and from the order overruling his motion for judgment notwithstanding the verdict, motion for new trial, and exceptions to instructions, the defendant has appealed.

Instead of following the forms suggested by Rule 30 of this court and setting out in separate statements each error relied on for reversal, the appellant, under the heading, "Errors relied upon for reversal", has arranged his brief and argument into five separately numbered divisions, all but one of which contain subdivisions. None of these divisions or subdivisions follows the forms suggested by the rule, and, while it is quite possible that counsel could improve the method provided by this rule, the court would prefer that, until officially changed, this rule be observed. The appellee has called attention to this failure of the appellant and moved that the appeal be dismissed; but, inasmuch as the appellee seems to have had no trouble in discerning the matters of which appellant complains, and has presented extensive counter arguments as to each of them, we are reluctant to sustain the motion and will consider the appeal upon its merits.

I. In subdivision "A" of Division I of his brief and argument appellant urges that the trial court erred in refusing to sustain the ground of his motion for a directed verdict which alleged that the record showed that the plaintiff was guilty of contributory negligence, as a matter of law, because, at the time and place of the accident and just before the accident, the car which plaintiff was driving was not equipped with adequate brakes. Assuming for the present, but not deciding, that the record shows that the plaintiff's car was not equipped with adequate brakes as required by statute, and that this constituted negligence on the part of the plaintiff, this would not be sufficient ground for holding, as a matter of law, that the plaintiff was guilty of contributory negligence. It is so elementary as to require no citation of authority, that the mere fact that a plaintiff may be guilty of negligence is not sufficient to preclude a verdict in his behalf. Before he could be held guilty of contributory negligence, as a matter of law, it must conclusively appear that such negligence of the plaintiff contributed

in some way or in some degree to the accident and injuries for which he asks relief. It is also elementary that, in deciding a motion for a directed verdict, the evidence must be considered in the light most favorable to the party against whom the motion is directed.

The evidence in this case was such that the jury might have found therefrom that, as the plaintiff proceeded down the hill west of the bridge, his speed was approximately 20 miles per hour; that he slowed down as he approached the bridge and was going less than 15 miles per hour when he went onto it; that when plaintiff went onto the west end of the bridge the defendant's car was some distance east of the east end of the bridge on the north side of the road; that plaintiff had reached a point about two-thirds of the way across the bridge from the west end, with the right side of his car within six inches of the south railing when the defendant's car came onto the bridge; that, as defendant's car came onto the east end of the bridge, it was traveling 25 miles per hour, and swung from the north side of the road, where it had been traveling, across the center line of the bridge, and struck the left front wheel of plaintiff's car; and that when plaintiff's car was struck the right wheels thereof were not more than six inches from the south railing, leaving 7 feet 10 inches between the north side of plaintiff's car and the railing on the north side of the bridge. In the light of such evidence we are unable to see how it could be held, as a matter of law, that the plaintiff's failure to have adequate brakes contributed to the accident and injuries of which he complains.

II. The absence of adequate brakes is further stressed in subdivision "B" of the first division of defendant's argument. An instruction in regard to contributory negligence, after telling the jury that one cannot recover for damages resulting from the negligence of another, if by any want of ordinary care on his own part he contributed in any way or any degree directly to the injuries of which he complains, contained, among others, the statement that the plaintiff was required, "when approaching and crossing the bridge in question to have the automobile he was driving under control and to reduce the speed thereof to a reasonable and proper rate; and to have the same provided with adequate brakes; and if he failed to do so he was guilty of negligence." And that if they found "that the plain-

tiff was negligent in any respect, and such negligence in any way or in any degree contributed directly to the injuries of which he complains, then he cannot recover.''

Appellant's exception to this part of the instruction was that ''the court erroneously submitted to the jury the fact question as to whether or not the evidence showed that the plaintiff contributed to the injuries complained of by him by want of ordinary care on his part, in that the evidence showed as a matter of law that at and just prior to time of the collision the plaintiff was negligent in the following particulars:

'' (a). In not having his Ford car equipped with foot pedal and foot brake.

'' (b). The plaintiff was driving said Ford car without having the same equipped with adequate brakes.

'' (c). The plaintiff was driving said Ford car down a steep grade approaching a fourteen foot wide wooden bridge in plain sight of defendant's automobile approaching from the opposite direction, and without plaintiff applying any brakes whatsoever.''

This exception does not allege error in the instruction, because it submitted to the jury the fact question of plaintiff's negligence in driving his car without adequate brakes, but, in the words of the exception, the complaint against the instruction is that, in giving it, ''the court erroneously submitted to the jury the fact question as to whether or not the evidence showed that the *plaintiff contributed to the injuries complained of* by him by want of ordinary care on his part.'' (Italics are ours.) Even if the evidence showed the facts set out in subdivisions (a), (b) and (c) of the exception, and these facts constituted negligence on the part of plaintiff, there was no error in submitting the fact question of plaintiff's contributory negligence to the jury; because, as already stated in the preceding division of this opinion, negligence on plaintiff's part does not preclude recovery without a showing that it contributed to the injury of which he complains; and, as we have also stated in the preceding division, the evidence was such that the jury could find therefrom that the negligence of plaintiff did not contribute to the accident or plaintiff's injuries.

■ III. Division II of appellant's brief and argument is subdivided into subdivisions ''A'' and ''B''. Subdivision ''A''

alleges error of the trial court in overruling that portion of the motion for a directed verdict which alleged that the plaintiff was guilty of contributory negligence, as a matter of law, because he drove his car in violation of Code sections 5029 and 5031, and did not apply any adequate brakes when he saw, or with reasonable care could have seen, that a collision was imminent. Code section 5029 requires that "any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper," and that "no person shall drive any vehicle * * * at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead"; and section 5031 requires the person operating a motor vehicle to have it under control and to reduce the speed to a reasonable and proper rate under certain specified conditions, including—"when approaching and traversing * * * a bridge * * *." Appellant contends that the evidence shows, as a matter of law, that, when the plaintiff came down the hill to the west of the bridge he did not apply any brakes, that he made no attempt to stop his car within the assured clear distance ahead, and that he did not have his car under control when approaching and traversing the bridge. Conceding, but not deciding, that appellant's contention would be correct if his theory of the case and only his evidence be taken into consideration, the trial court was not in error, because there was other evidence which made plaintiff's contributory negligence as to the matters alleged a question for the jury. According to plaintiff's testimony he was able to control the speed of his car by means of the compression of the engine and while coming down the hill the ignition was shut off and the compression reduced the speed from about 20 miles per hour to less than 15 miles per hour as he went onto the bridge. It may be conceded that if the accident happened near the west end of the bridge, as claimed by the appellant, there might be some ground for his complaint as to the court's ruling on this portion of his motion to direct a verdict. But, if the accident happened, as contended by the appellee, within 10 or 12 feet of the east end of the bridge, when his car was within six inches of the south railing of the bridge, and when he was traveling less than 15 miles per hour, it cannot be said, as a matter of law, that the plaintiff's negligence, in failing to have or use adequate brakes or in not reducing the speed at which he was

driving when the accident occurred, contributed in any way or in any degree to the accident and injuries incurred. Moreover, the provision of Section 5029, which requires the driver to be able to stop within the assured clear distance ahead, also provides that the driver has the right to assume that all persons using the highway will observe the law. As the plaintiff's evidence shows that, when the defendant's car was approaching the bridge, it was on the right side of the road, that there was sufficient space between plaintiff's car and the north railing of the bridge for defendant's car to pass, and that the defendant's car came across the center of the bridge and struck plaintiff's car when it was within six inches of the south side of the bridge, this evidence did not present a situation under which the plaintiff could be said, as a matter of law, to have violated the provision of the statute in regard to the assured clear distance ahead. Schuster v. Gillispie, 217 Iowa 386, 251 N. W. 735; Howk v. Anderson, 218 Iowa 358, 253 N. W. 32; Young v. Jacobsen Brothers, 219 Iowa 483, 258 N. W. 104.

In subdivision "B" of this division of his argument appellant's complaint is again directed to the court's instruction on contributory negligence, and assumes that the accident happened in the manner shown by the appellant's evidence. But, as already stated, the evidence of the plaintiff presented a state of facts under which a jury could have determined that none of the matters, as to which the appellant claims the appellee was negligent, contributed in any way or in any degree to the accident or the injuries sustained by appellee; and the trial court could not, therefore, say, as a matter of law, that the plaintiff was guilty of contributory negligence and refuse to submit this matter to the jury under the instruction of which complaint is made.

IV. Division III of appellant's brief and argument also contains two subdivisions. In subdivision "A" appellant complains because the trial court overruled a ground of his motion for a directed verdict in which he claimed that the evidence showed that the accident was caused by the contributory negligence of the plaintiff in pulling his car to the extreme right side of the road as he reached the bottom of the hill and slowed it down, thus leading the driver of defendant's car to assume that the plaintiff was giving him the right of way across the bridge, but that, instead of so doing, the plaintiff then turned

his car to the left onto a narrow part of the approach to the bridge, and then turned it quickly to the right and struck the defendant's car at the west end of the bridge. In subdivision "B" appellant contends that, because of the same facts above referred to as the ground of his motion for a directed verdict, the court should not have submitted the matter of plaintiff's contributory negligence to the jury under the same instruction of which complaint was made in the preceding division. Here, again, appellant's contention that the plaintiff was guilty of contributory negligence, as a matter of law, is based upon his own theory of the case. It is sufficient to repeat, what has already been said, that the plaintiff's evidence was sufficient to sustain a theory of the case under which the trial court could not have taken the question of plaintiff's contributory negligence from the jury and directed a verdict in favor of the defendant.

 V. In Division IV of his brief and argument appellant complains of that portion of instruction No. 10 which is as follows:

"It is a rule of law that one who is injured through the fault or negligence of another cannot recover for the damages occasioned thereby, if he, by any want of ordinary care on his part, contributed in any way or in any degree *directly* to the injuries of which he complains. And in this case, before the plaintiff can recover, he must show that he did not, by any negligence or want of ordinary care on his part, in any way or in any degree, contribute *directly* to the injuries of which he complains.

"If you find that the plaintiff was negligent in any respect, and such negligence in any way or in any degree contributed *directly* to the injuries of which he complains, then he cannot recover." (Italics are ours.)

The appellant's complaint is, that the court erred in using the word "directly" in the places where it has been italicized by us. In support of this contention appellant cites Hoegh v. See, 215 Iowa 733, 246 N. W. 787; Hellburg v. Lund, 217 Iowa 1, 250 N. W. 192; Bird v. Hart-Parr Co., 165 Iowa 542, 146 N. W. 74. Just what appellant finds in these cases to sustain his position, we are unable to determine. Hoegh v. See approved an instruction which defined contributory negligence as "such

negligence or want of reasonable care on the part of the party injured as was a co-operating cause and directly instrumental in causing or bringing about the damages" [page 737], and referred to the fact that this very instruction had been passed upon in Albert v. Maher Bros. Transfer Company, 215 Iowa 197, 243 N. W. 561. The opinion in Hoegh v. See called attention to the fact that, in Towberman v. Des Moines City R. Co., 202 Iowa 1299, 211 N. W. 854, we referred to Banning v. Chicago, R. I. & P. R. Co., 89 Iowa 74, 56 N. W. 277, wherein the rule was stated to be that, "if the injured party contributed in any way, or in any degree directly to the injury, there can be no recovery," and that the opinion in the Towberman case went on to say that, "this is a simple and exact statement of the rule that has been followed in this state." Following these references to the cases mentioned above, the Hoegh case then proceeded to say:

"That quotation in the Towberman case was selected after a review of many decisions. We made the selection because of our desire to present the quotation as a model for future instructions. Such model later has been followed and approved. Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346; O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516. To avoid confusion or uncertainty it will be well for trial courts to carefully follow this model in the future."

In Hellburg v. Lund this court sustained an instruction which defined contributory negligence as negligence on the part of the plaintiff which caused or contributed to the injuries complained of "and without which such injuries would not have been sustained."

In Bird v. Hart-Parr Co. we said [page 547 of 165 Iowa, page 76 of 146 N. W.] : "The true rule is that plaintiff's negligence, if there be any, will not defeat him unless it be such as contributes proximately to the injury, but it need not be the sole cause of his injury."

We find nothing in either the Hellburg case or the Bird case that touches directly upon the question here involved, or that even indirectly sustains the appellant's position; and, in view of the repeated approval by this court of the precise language used in the instruction here involved, as shown by Hoegh v. See, supra, and cases cited therein, there is no reason for now

holding as erroneous the very instruction which we approved and cited as a model to be followed by trial courts.

VI. In instruction No. 12 the court told the jury that the plaintiff's recovery could not exceed $5,000 for pain and suffering, both present and in the future, nor $1,000 for permanent disability; and that his recovery could not, in any event, exceed $6,000. Appellant excepted to this instruction and, in subdivision "A" of Division V of his brief and argument, alleges that the court erred in submitting plaintiff's claim for $1,000 for permanent disability and in failing to limit plaintiff's total recovery to $5,000, the amount claimed for pain and suffering. This contention is based on the theory that, because the plaintiff stated in his petition that he believed, and therefore alleged, that his "said arm is permanently disabled and disfigured to the extent of ten per cent of the use thereof," and thereafter stated that he had suffered damages in the sum of $1,000 by reason of the permanent disability of said arm, the stated sum of $1,000 was claimed as damages for the stated ten per cent permanent disability in the arm; and that, because the evidence did not show the extent of the permanent disability of the arm, the jury was permitted to speculate as to the extent of such disability and allow the full amount claimed for ten per cent permanent disability without any evidence to support such allowance.

We cannot agree with this theory of the appellant, and the cases cited by him do not support his contention. While there was no evidence that the permanent disability of plaintiff's left arm would be ten per cent, two of the doctors who attended him testified that there would be some permanent disability in this left arm; and, as another instruction told the jury that the amount they allowed for such permanent disability should be the amount of damages he is shown to have sustained, by reason of the negligence of the driver of defendant's car, there was no error in the instruction of which complaint is here made.

In subdivision "B" of Division V of appellant's brief and argument further complaint is made as to this same instruction. We frankly confess that we are unable to understand just what error the appellant is here attempting to allege. Plaintiff's petition alleged three items of damages: (1) Loss of earnings during a period of from 12 to 18 months after the accident because of inability to use his arm, in the sum of $360; (2) damages sus-

tained by reason of the permanent disability of his arm, in the sum of $1,000; (3) damages sustained by reason of physical pain and suffering, and mental pain and suffering, both past and future, in the sum of $5,000. On appellant's motion the court withdrew the first item from the consideration of the jury, but submitted the other two items. There was evidence that the plaintiff had sustained a permanent injury to his left arm, and that he had sustained pain and suffering and would continue to experience pain and suffering in the future. The trial court instructed the jury as to these two items, limited the recovery for the permanent disability of the left arm to $1,000, and for pain and suffering to $5,000, and we find no error on the part of the trial court in so doing.

For the reasons stated in the opinion, the judgment of the trial court is hereby affirmed.—Affirmed.

SAGER, C. J., and ANDERSON, KINTZINGER, STIGER, RICHARDS, and HAMILTON, JJ., concur.