ROBERT R. AITCHISON, appellee, v. BEN D. RETER, appellant.

No. 48518.

(Reported in 64 N.W.2d 923)

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

JULY 26, 1954.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆

Holleran & Holleran, of Clinton, for appellant.

Waldo M. Wissler, of Davenport, for appellee.

LARSON, J.—This accident occurred on a north-and-south street in the city of Clinton, Iowa, which inclines southward at the place of the collision. It occurred as defendant, proceeding northward, started to make a sharp left turn into his narrow home driveway which was about 100 feet south of the nearest street intersection. Plaintiff was operating his vehicle southward. On the west side of the street an automobile was parked about six feet south of defendant's driveway. The street was about 27 feet wide from gutter to gutter at this point. All involved cars were about six feet wide. The weather was "squally" and the pavement wet. Plaintiff testified that he was driving "approximately 30 miles per hour" when he approached the defendant's car coming from the opposite direction, well over on his right-hand side, near the gutter, and it seemed as if defendant were giving plaintiff plenty of room to' pass between defendant's car and the one parked at the west curb; that suddenly defendant turned sharply left toward his driveway and they collided; that he applied his brakes hard and slid his wheels approximately 23 feet when he saw defendant start his left turn. He testified that, although his visibility was good, he saw no turn signal and no evidence of defendant's car slowing down from its speed of about 20 miles per hour. The left front fenders of the two vehicles came together, and defendant's car was turned around, pushed back some 15 feet and came to rest facing southwesterly. Plaintiff's car was pushed into or sideswiped the

parked car and came to rest about 15 feet south of the point of impact parallel with the parked car and still facing south.

The damage to plaintiff's automobile was stipulated to be $1231.26. Plaintiff testified that defendant was from one to four feet across the center line into his half of the street when the accident occurred. He contends the proximate cause of the injury was defendant's (1) failure to yield the right of way (2) failure to signal a left turn, and (3) failure to change the direct course of his car only when such movement could be made with reasonable safety as required by law.

Defendant denied plaintiff's allegations, and alleged affirmatively that plaintiff (1) failed to keep a proper lookout (2) failed to keep his car under control as required by law, and (3) that he drove at a "high and excessive" rate of speed in violation of the statutes of Iowa, and that these acts of negligence were the proximate cause of plaintiff's injury and damage.

At the close of plaintiff's testimony defendant moved for a directed verdict, contending plaintiff's admission that he was exceeding the 25 miles per hour speed limit for that zone as fixed by law was negligence per se and he was guilty of contributory negligence as a matter of law and could not recover. This motion was overruled, as was the same motion offered at the close of all evidence. Exceptions were taken and defendant assigns these rulings as error.

Defendant's testimony was that he gave a turn signal and also tended to show that he was well over on his right side of the pavement when plaintiff's car collided with his vehicle in attempting to pass between the parked car at the west curb and defendant's automobile. The cause was submitted to the jury and they returned a verdict for plaintiff in the sum of $1231.26. Defendant's motion for judgment notwithstanding the verdict and motion for a new trial were overruled and he appealed.

I. Ordinarily the question of whether or not an injured party has shown himself free from contributory negligence is for the jury. Richards v. Begenstos, 237 Iowa 398, 411, 21 N.W.2d 23; Toney v. Interstate Power Co., 180 Iowa 1362, 163 N.W. 394. However, defendant contends herein that plaintiff was guilty of contributory negligence as a matter of law for the reason that he admitted driving above the statutory speed limit

of 25 miles per hour in that zone. He contends correctly that plaintiff must carry the burden herein of proving his freedom from any negligence contributing directly in any way or in any degree to his injury. Yance v. Hoskins, 225 Iowa 1108, 281 N.W. 489, 118 A. L. R. 1186; Meggers v. Kinley, 221 Iowa 383, 265 N.W. 614; Hogan v. Nesbit, 216 Iowa 75, 246 N.W. 270; Towberman v. Des Moines City Ry. Co., 202 Iowa 1299, 211 N.W. 854; Stilson v. Ellis, 208 Iowa 1157, 225 N.W. 346. In Sanderson v. Chicago, M. & St. P. Ry. Co., 167 Iowa 90, 103, 149 N.W. 188, 192, we said:

"As stated before, the burden of proof rests upon the plaintiff not only to show the negligence of the defendant, upon which liability is predicated, but also that the injured person was free from any negligence on his part contributing to his injury. This burden rests upon the plaintiff at all times, and never shifts to the defendant."

██ Defendant contends, correctly, we believe, that when one violates the statute which defines a standard of care required he is guilty of negligence. Wosoba v. Kenyon, 215 Iowa 226, 231, 243 N.W. 569; Anderson v. Holsteen, 238 Iowa 630, 26 N.W.2d 855, and cases cited therein. However, there must appear, in addition to negligence, a causal connection between the fault and the injury or damage, and if there is none, then such negligence certainly would not defeat a recovery by the injured party. We held in Carlson v. Meusberger, 200 Iowa 65, 204 N.W. 432, that such negligence of the injured party must have a causal relationship to the injury before it will bar a recovery. We cannot say here as a matter of law that the excessive speed admitted had a causal connection with the injury, for if the jury would believe plaintiff's testimony that defendant turned suddenly into the path of plaintiff, the collision would have occurred even if the plaintiff had been traveling within the 25 miles per hour speed limit, and so the jury might well determine that there was no causal connection between plaintiff's speed and the injury. See Crutchley v. Bruce, 214 Iowa 731, 240 N.W. 238; Pettijohn v. Weede, 209 Iowa 902, 227 N.W. 824; Mowrey v. Schulz, 230 Iowa 102, 296 N.W. 822. Judge Oliver said therein, at page 107::

"Assuming that the automobile was traveling at a negligent speed, such negligence was not a proximate cause of the accident. Had the car been traveling at any other rate of speed the accident would have happened if the boy had ridden into its lane of travel as it reached that place. The proximate cause of the accident was the wrongful act of Russell in riding from the entrance of the alley without stopping * * *."

Also see Yance v. Hoskins, supra.

In Richards v. Begenstos, 237 Iowa 398, at 411, 21 N.W.2d 23, 30, we reaffirmed the rule announced in Toney v. Interstate Power Co., 180 Iowa 1362, 1378, 163 N.W. 394, 400, that "* * * the question of contributory negligence is peculiarly one of fact and not of law, save only in those exceptional cases where the plaintiff's want of reasonable care is so manifest and flagrant as to at once convince all fair and candid minds that he did not exercise the caution for his own safety which marks the conduct of ordinarily prudent men." The evidence herein does not disclose this to be one of those exceptional circumstances, for while negligence may be admitted, its causal connection with the accident is not. Though the driving conditions were not ideal, we cannot say that plaintiff's action in driving at 30 miles per hour under this circumstance was sufficient to convince all fair and candid minds that he did not exercise proper caution for his own safety. The rule, of course, requires that we consider the record in the light most favorable to the plaintiff on the motions for a directed verdict.

We therefore hold that it was proper to submit the question of plaintiff's freedom from contributory negligence to the jury and that there was no error committed by the trial court in overruling such motions to direct.

II. Defendant further assigns error by the trial court in giving to the jury Instructions Nos. 18, 19 and 20. In Instruction No. 18 the trial court told the jury:

"(18) * * * In this case the plaintiff testified that immediately prior to the accident he was driving his car at approximately 30 miles per hour, which speed is in excess of the lawful speed provided by the statute above quoted, and

would constitute prima-facie negligence. *And if you find that such negligence was the direct and proximate cause of the damage of which he complains, the plaintiff cannot recover; but if you find that such admitted speed was not the direct and proximate cause of the accident, then the fact that plaintiff was driving in excess of the lawful rate of speed under the existing conditions, then such negligence would not, in [and] of itself, bar his recovery.*" (Italics ours.)

In order to conserve space, only the pertinent parts of Instructions Nos. 19 and 20 are set out herein:

"(19) * * * If you find from the evidence in this case that the plaintiff failed to heed and observe such provisions of the law, and that such failure was the direct and proximate cause of the accident and injury of which he complains, he would be guilty of negligence in the particular charged, and in that event he cannot recover in this case.

"(20) * * * If you find from the evidence that the plaintiff was guilty of negligence in this particular, and that such negligence on his part was the proximate cause of the accident, then the plaintiff cannot recover; but if you do not so find, you should disregard such charge of negligence and determine whether or not the plaintiff is entitled to recover under the instructions heretofore given you."

We cannot approve these instructions on negligent cause necessary to defeat recovery. The trial court itself had some doubts about them in ruling on the motion for a new trial. As a reason for Instruction No. 18 it said: "In his answer the defendant, not content with denying that plaintiff was free from contributory negligence, goes further and charges affirmatively that the plaintiff was guilty of certain specific acts of negligence." This, it said, amounted to an affirmative defense and defendant had the burden to establish the same. Thus it seems, in trying to follow the rule that one must prove his affirmative allegations, the court fell into the error of shifting the burden of proof from the plaintiff to prove he was not guilty of contributory negligence, to the defendant to prove plaintiff not only was guilty of negligence contributing directly in any

way or in any degree to his injury, but that his negligence was the direct and proximate cause of the damage. This is quite erroneous in two respects. First, the burden of plaintiff to prove freedom from contributory negligence never shifts. See Sanderson v. Chicago, M. & St. P. Ry. Co., supra. Second, contributory negligence by the plaintiff is sufficient to defeat recovery, and the law does not require that the cause be the proximate cause. Such language used in Instruction No. 18 and repeated in Instructions Nos. 19 and 20, with the stock instructions we understand were given on contributory negligence, must have confused the jury as to just what was required of whom to prove contributory negligence such as would bar recovery in the plaintiff.

We agree with counsel for defendant that these words in Instruction No. 18: "* * * if you find that such admitted speed was not the direct and proximate cause of the accident, then the fact that plaintiff was driving in excess of the lawful rate of speed under the existing conditions, then such negligence would not, in [and] of itself, bar his recovery" require a showing that the driving in excess of the statutory speed was a direct and proximate cause rather than simply contributing in any way or in any degree directly to plaintiff's injury, and also place an undue burden upon defendant. The correct rule and instruction on the negligence which would defeat plaintiff's recovery we set out in detail in Banning v. Chicago, R. I. & P. R. Co., 89 Iowa 74, 56 N.W. 277, and approved it with recommendations to district courts in Towberman v. Des Moines City Ry. Co., 202 Iowa 1299, 211 N.W. 854. It should be carefully followed.

We have held many times that contributory negligence, in order to bar a recovery by one guilty thereof, need not be the proximate cause. Anderson v. Holsteen and Meggers v. Kinley, both supra; Hogan v. Nesbit, 216 Iowa 75, 246 N.W. 270; Albert v. Maher Bros. Transf. Co., 215 Iowa 197, 243 N.W. 561; O'Hara v. Chaplin, 211 Iowa 404, 233 N.W. 516; Bird v. Hart-Parr Co., 165 Iowa 542, 146 N.W. 74. All that is required is that the negligence or the acts of the injured party be a contributing cause, not necessarily the proximate cause.

In the case of Hogan v. Nesbit, supra, at page 80 of 216 Iowa, we said: "A recovery may be barred although the contributing negligence was not the proximate cause of the injury. * * * If the negligence of the injured party were a contributing cause to the injury, it will defeat a recovery although it may not be the proximate cause thereof. * * * Consequently there is a well-defined distinction between the proximate cause of an injury and a contributing cause thereto."

Here then the court should have used the words "contributing cause" instead of "direct and proximate cause" in order to correctly advise the jury under what conditions the plaintiff could not recover.

It may be well here to re-examine what is meant in law by proximate cause, or causa proxima. Judge Ladd, in Berry v. United Commercial Travelers, 172 Iowa 429, at 436, 154 N.W. 598, L. R. A. 1916B 617, Ann. Cas. 1918A 706, said: "* * * the law will not go further back in the line of causation than to find the active, efficient, procuring cause, of which the event under consideration is a natural and probable consequence, in view of the existing circumstances and conditions. The law does not consider the cause of causes beyond seeking the efficient, predominant cause, which, following it no further than those consequences that might have been anticipated as not unlikely to result from it, has produced the effect."

And in 38 Am. Jur., Negligence, section 50, page 695, we find this definition of proximate cause: "The proximate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred."

It also is referred to as the primary moving cause or predominating cause from which the injury follows as a natural, direct and immediate consequence, and without which it would not have occurred.

In Snook v. Long, 241 Iowa 665, 669, 42 N.W.2d 76, 78, 21 A. L. R.2d 1, we said: "Negligence is the proximate cause of an injury which follows such negligent act, if it can fairly be said that in the absence of such negligence the injury or damage

complained of would not have occurred", citing Gray v. City of Des Moines, 221 Iowa 596, 265 N.W. 612, 104 A. L. R. 1228.

Thus we see here if defendant had turned suddenly across plaintiff's path with no warning or signal, the natural, direct and immediate consequence would have been a collision. This act of turning into plaintiff's path by defendant must then be designated the proximate cause of the injury. But the plaintiff might also have contributed to the injury by his failure to keep a lookout, or by traveling at a speed which would have made avoidance otherwise possible, impossible under the circumstance. Hogan v. Nesbit, supra. Thus we recognize such acts of the plaintiff, while not the proximate cause of the injury, could be found to be negligent acts, causally connected, contributing in a way and to a degree so as to bar the injured party from recovery for the injury.

It would seem, as plaintiff contends, that if defendant would have continued straight north, as plaintiff stated he expected him to do, and if he had not turned left in front of plaintiff's car, the excessive speed of plaintiff would have caused no injury. That being true, it would seem clear that the proximate cause of the injury must be the negligent left turn by the defendant into plaintiff's path. In fairness to defendant, however, it might also have been determined by the jury that the negligent speed of the plaintiff was a contributing cause, for otherwise he might have stopped in time or turned to the left and avoided injury to himself. These were matters for submission to a jury, under proper instructions, of course. We fail to discover any great difficulty in these distinctions, although they seem to have caused no end of trouble for the courts.

In Hellberg v. Lund, 217 Iowa 1, 2, 250 N.W. 192, we said: "The rule as it now stands is elementary in simplicity, and we are not disposed to cast doubt on it by overnicety in distinctions. Negligence which causes or contributes to cause an injury bears causal relationship to such injury * * *."

Plaintiff cites, in support of the instructions, the case of Yance v. Hoskins, 225 Iowa 1108, 281 N.W. 489, 118 A. L. R. 1186, in which we cited with approval Bird v. Hart-Parr Co., supra. What the court meant therein, it explained, was not proximate cause but some causal relationship to the injury and

1014

damage. It is true contributory negligence could be the proximate cause, but need not be, and to require it to be the proximate cause is error. The proximate cause or principal cause of the injury is often aided by a contributing cause, and when directly connected with the injury the one whose negligence contributes only slightly but directly in any way or in any degree cannot recover. To require a greater causation than that to defeat recovery is of course prejudicial to the defendant.

As we have indicated, we believe there is generated in the case before us a jury question as to whether or not plaintiff's speed, although above the speed limit for that zone, contributed in causing the injury directly in any way or in any degree. If it were found to have so done, plaintiff could not recover. No more was required. Spooner v. Wisecup, 227 Iowa 768, 288 N.W. 894. To have required that the jury determine this speed was the proximate cause of the injury to defeat recovery was error. Being so minded, we have no option but to find these instructions in error and prejudicial to the defendant. Meggers v. Kinley, supra.

On the error assigned for the giving of Instructions Nos. 18, 19 and 20 this case must be reversed.—Reversed and remanded.

All JUSTICES concur.