E. N. ALBERT, Appellee, v. MAHER BROTHERS' TRANSFER COMPANY, Appellant.

No. 41410.

198

June 24, 1932.

Rehearing Denied October 28, 1932.

Dutcher, Walker & Ries, for appellee.

Frank F. Messer, for appellant.

KINDIG, J.—On November 24, 1929, the plaintiff-appellee, E. N. Albert, was driving a Studebaker sedan on Primary Highway No. 161 from Iowa City to Cedar Rapids, en route to Marshalltown. Riding with the appellee at the time were his wife, Mrs. Nell Albert, his step-daughter, Mrs. Madge Pursel, and his mother-in-law, Mrs. Anna Crimmons. Mrs. Madge Pursel was in the front seat of the Studebaker sedan with the appellee, and Mrs. Albert and her mother, Mrs. Crimmons, were riding in the back seat thereof.

When appellee arrived at a reverse curve about twelve miles north of Iowa City, he met, and collided with, a truck belonging to, and being operated by, Maher Brothers' Transfer Company, defendant and appellant. This truck was traveling toward Iowa City. It was towing a Hudson coupé belonging to H. W. Stimmel. The truck was being driven by Mike Maher, an employee of the appellant's. Ray Cambridge, another employee of appellant's, and one William Werker, an employee of the aforesaid H. W. Stimmel's, were riding on the truck at the time with the driver Mike Maher. Accompanying Mr. Stimmel in the towed Hudson coupé were Mrs. Stimmel and a child. Apparently the truck and not the towed car caused the collision.

Previous to the collision on November 24, 1929, the truck traveled from Iowa City to Maynard for the purpose of transferring from there to Iowa City the household furniture of the Stimmels. Mr. Stimmel and his wife and child started to drive in the Hudson coupé from Maynard to Iowa City. At Oelwein, however, the Hud-

son coupé developed engine trouble, and consequently the truck towed it from there to the point of collision with appellee's Studebaker sedan. Apparently the collision occurred at about 7:45 P. M. Both the truck and Studebaker sedan had their headlights turned on because on that November night it was dark.

As a result of the collision, both the Studebaker sedan and the truck were damaged, and appellee's wife, daughter, and mother-in-law received personal injuries. So, appellee's wife, daughter, and mother-in-law assigned to him their respective claims for their personal injuries, and, on March 14, 1930, the appellee commenced this action against the appellant to recover $7,220.10.

Appellee's petition was divided into four counts. Count 1 asked for $220.10 on account of the damages to the Studebaker sedan. In Count 2 the appellee asked $1,000 because of personal injuries sustained by his wife. By. Count 3 the appellee sought to obtain $1,000 because of personal injuries caused his daughter. And through Count 4 appellee demanded $5,000 on account of the personal injuries received by his mother-in-law. Two grounds of negligence, generally speaking, are alleged by appellee in his action against the appellant. These grounds are: First, that the appellant's truck was operated on the wrong, or left, side of the road; and, second, that the truck was being operated at a high and dangerous rate of speed.

Appellant filed an answer containing a general denial, and the specific allegation that the appellee's negligence at the time was the sole and proximate cause of the accident. Then, by way of counterclaim, the appellant demanded from appellee $346.89 for damages to the truck and the loss of the use thereof. It is said by the appellant that the appellee committed three acts of negligence in producing the collision. They are: First, in operating the Studebaker sedan on the wrong, or left, side of the road; second, in operating the Studebaker sedan at a high and excessive rate of speed; and, third, in failing to exercise due care, caution, and circumspection in operating the Studebaker sedan.

When the cause was submitted to the jury, that body returned a verdict in appellee's favor against the appellant for the sum of $1,410.05, allocated as follows: For damages to the Studebaker sedan, $210.05; for injuries to appellee's wife, $100; for injuries to appellee's daughter, $100; for the injuries to appellee's mother-

in-law, $1,000. Judgment was entered upon the verdict, and the appellant appeals.

I. At the outset, it is claimed by appellant that the district court erred in instructing the jury on the question of contributory negligence. This error, the appellant contends, arose because the district court in effect told the jury that contributory negligence, to defeat a recovery, must amount to a proximate cause.

Underlying appellant's complaint is the thought that the district court failed to tell the jury that contributory negligence which will defeat recovery is that negligence, which contributes to the damage "in any degree or in any way." While it is true that the district court did not use the express terms "in any degree or in any way," yet, when the instruction is read as a whole, the meaning thereof is the same as if those words had been employed. Appellant did not ask for an elaboration, and, under all the circumstances, he has no just ground for complaint. In Towberman v. Des Moines City R. Co., 202 Iowa 1299, this court declared:

"It is well stated in Banning v. Chicago, R. I. & P. R. Co., 89 Iowa 74, at page 81, where we said: 'If the injured party contributed in any way or in any degree directly to the injury, there can be no recovery.' "

That quotation in the Towberman case was selected after a review of many decisions. We made the selection because of our desire to present the quotation as a model for future instructions. Such model later has been followed and approved. Stilson v. Ellis, 208 Iowa 1157; O'Hara v. Chaplin, 211 Iowa 404. To avoid confusion or uncertainty, it will be well for trial courts to carefully follow this model in the future.

Instead of using the word "contributing," the district court in the case at bar employed the words "co-operating" and "instrumental." These words, when properly utilized, signify the equivalent of contributing. Likewise, there is no basis for complaint because the district court declared that the negligence which will bar appellee's recovery must contribute directly to the injury or damage. It was said, as above indicated, in Towberman v. Des Moines City R. Co (202 Iowa 1299), supra:

" 'If the injured party contributed in any way or in any degree *directly* to the injury, there can be no recovery.' " (The italics are ours.)

See also O'Hara v. Chaplin (211 Iowa 404), supra; Stilson v. Ellis (208 Iowa 1157), supra.

Under all the circumstances, therefore, there is no reversible error because of this instruction.

II. Also a complaint is made by the appellant because the district court did not find, as a matter of law, that appellee's mother-in-law, Mrs. Anna Crimmons, was guilty of contributory negligence.

A directed verdict, appellant contends, should have been allowed by the district court on the count of appellee's petition seeking to recover for the personal injuries of this woman. The basis for this contention is that Mrs. Crimmons was paying no attention to the operation of appellee's car. She, it is said by appellant, had wholly abandoned her safety to the appellee. According to the record, Mrs. Crimmons was 78 years of age. At the time of the collision she was riding in the back seat of the Studebaker sedan. As before said, the night was dark, and the headlights on the automobiles had been turned on. Appellee's daughter said in her testimony that she, sitting in the front seat, saw appellant's truck approaching on the wrong side of the road and informed appellee, who was driving the Studebaker sedan. Furthermore, appellee says he saw appellant's truck as it approached around the curve, and when it was 75 or 80 feet from him he noticed, as his daughter spoke, that appellant's vehicle was on the wrong side of the road. Whereupon, appellee immediately turned the Studebaker sedan to the right as far as possible. Nevertheless the collision occurred. It was found by the jury that appellee committed no negligence. What, then, could Mrs. Crimmons have done under the circumstances to have prevented the accident? Mrs. Crimmons' position in the back seat of the Studebaker sedan, on the dark night, was not such, the jury could find, as to enable her to keep an outlook or in any way warn or assist the driver in operating the vehicle.

This court said upon a similar subject-matter in Bradley v. Interurban Railway Co., 191 Iowa 1351, reading on pages 1353 and 1354:

"With the first proposition, that the invited guest or passenger is not absolved from his obligation to use reasonable care for his own safety, there is no room for dispute; but this is as far as the court can keep step with counsel. The leap from the statement of duty of reasonable care for one's own safety to the conclusion, as

a matter of law, that the invited guest is negligent if he fails to see an impending danger in time to interfere and prevent it, is entirely too far. The question as to what is reasonable care in such an emergency is peculiarly a question for the jury. Within reasonable limits, the invited passenger in an automobile may reasonably and lawfully rely on the skill and judgment of the driver. He cannot physically interfere with the driver's control of the car, without peril of disaster. He may, under proper circumstances, sound an alarm, if he sees danger ahead of which the driver seems oblivious; but even then he must still, to some extent, place his reliance upon the driver to avoid it. There is no rule of law which obliges him to forcibly seize the steering wheel and wrest it from the hands of the owner, or to jump from the rapidly moving vehicle to certain injury or death. The appearance of danger of this character in almost every case comes in an instant of time; the peril is immediate, imminent; and, if a collision occurs, the destruction is accomplished in a twinkling."

See also Stilson v. Ellis (208 Iowa 1157), supra; Williams v. Mason City & Fort Dodge R. Co., 205 Iowa 446; Wagner v. Kloster, 188 Iowa 174.

Hence, under all the facts and circumstances in this case, it cannot be said as a matter of law that appellee's mother-in-law, Mrs. Crimmons, was guilty of contributory negligence. When so concluding, however, we must not be misunderstood. There are conditions under which the court may say, as a matter of law, that an occupant of an automobile, although a guest, did not properly use his own senses to avoid danger, and therefore failed to exercise due care when unduly relying upon the skill, care, and judgment of the driver. Hutchinson v. Sioux City Service Co., 210 Iowa 9; In re Estate of Hill, 202 Iowa 1038; Brown v. McAdoo, 195 Iowa 286. That principle, however, does not apply to the case at bar because of the matters above related, and the district court correctly submitted the question of Mrs. Crimmons' contributory negligence to the jury.

III. Again, it is urged by the appellant that the district court erred because it refused to instruct the jury that appellee's negligence is imputable to the guests riding with him in the car.

Manifestly, under the facts in this case, appellee's negligence is not imputable to his guests. These guests and appellee were not engaged in a joint or common enterprise. Appellee owned the car

and had the full control, management, and supervision thereof. Therefore, appellee's negligence is not imputable to his guests. Stilson v. Ellis (208 Iowa 1157), supra, local citation 1165; Wagner v. Kloster (188 Iowa 174), supra.

An argument suggested by appellant seems to be that, although the foregoing is the general rule, yet, because he pleaded that appellee's negligence was the sole cause of the injury in this case, such negligence should be imputed to the guests. Obviously the appellant at this juncture confused the underlying principles relating to imputed negligence, and negligence which is the sole cause of an injury. Imputed negligence is one thing, and negligence which is the sole cause of the injury is another. The defense that negligence is the sole cause of the injury may be interposed without any relation to imputed negligence. On the one hand, imputed negligence signifies that one is to be charged with the negligence of another; while the defense of negligence as the sole cause of an injury relates to the proximate cause.

To illustrate, if appellee's negligence in the case at bar were the sole cause of the accident, then the guests could not recover, because appellant's negligence would not be the proximate cause of their injuries. A defense based upon a driver's negligence as the sole cause of the injury to his guests can be fully sustained in a proper case without any reference whatever to the question of imputed negligence.

Clearly, then, the district court did not err at this point.

IV. But it is also contended that the district court did err because it failed to submit to the jury the issue that appellee's negligence was the sole and proximate cause of the accident. The careful reading of the district court's instructions will reveal the fact that here appellant has no real ground for complaint.

When submitting the issues to the jury, the district court carefully stated that the appellant, for a defense to appellee's cause of action, alleged that the negligence of the latter "was the sole and proximate cause of the accident." Following that statement of the issues, the trial court then said to the jury that appellee could not recover damages until he proved that the appellant's negligence, if any, was "the proximate cause of the damages." This instruction concerning the issue of proximate cause and the proof required thereunder was in addition to and apart from the district court's charge in relation to contributory negligence.

It appears, then, that the issue pleaded by appellant was submitted to the jury, and the trial court did not err regarding this matter.

■ V. Nevertheless the appellant insists that the appellee should not recover on the cause of action assigned to him by his guests, even though the latter were not guilty of contributory negligence.

Two thoughts are here presented by appellant for consideration. First, it is claimed by him that the appellant, under the circumstances, was deprived of his defense that the appellee's negligence was the sole and proximate cause of the accident. Plainly, however, this contention is without merit. There seems to be a confusion on appellant's part over the various principles of law applicable. Of course, the district court could not put all the applicable principles in one instruction. As before indicated, the district court submitted the issue to the jury concerning appellant's defense that appellee's negligence was the sole and proximate cause of the accident. Having properly submitted that issue in its place, the district court was then privileged to proceed with its instructions to the jury on other proper subject matters relating to the controversy.

In the second place, it is asserted that if the appellee was negligent, he could not recover on the claims assigned to him by his guests, even though they were not negligent. At this point the appellant relies upon the principle announced in Dunbar v. San Francisco-Oakland Terminal R. Co., 201 Pac. 330 (Cal.) Evidently in determining the Dunbar case, the California Supreme Court took into consideration the community property law of that state. We do not have the community property law in Iowa, and therefore the Dunbar case is not applicable. If the cause of action held by each guest is based·upon a valid claim against the appellant, even though the appellee were negligent, then there could be a recovery. Assuming that each guest was not guilty of contributory negligence, and conceding that the appellee's negligence was not the sole cause of the accident, then, under the Iowa cases above cited, there could be a recovery against appellant by each guest even though appellee were guilty of contributory negligence. Consequently when each cause of action held by the individual guest was full and complete, as before contemplated, the appellee, through the assignment, would receive whatever cause of action the guest previously held. Then,

even though the appellee were guilty of contributory negligence, he nevertheless could recover on the cause of action assigned by each respective guest if the individual guest were free from contributory negligence and the appellee's negligence was not the sole cause of the accident. Under the assignment, the appellee simply steps into the shoes of his assignor and recovers upon the latter's cause of action. Of course, appellee's contributory negligence would defeat his right to recover from the appellant on his own cause of action. When, however, appellee sues on the claims assigned to him by his guests, he then is seeking to recover, not on his own cause of action, but rather, the cause of action held by each individual guest. Whatever right the guest had was transferred, through the assignment, to the appellee. The guest held a cause of action, as before seen, unharmed and unhampered by the appellee's contributory negligence. That was the cause of action which appellee received through the assignment from each guest. Moreover, the jury found that appellee was not negligent. Therefore the matter involved in the present discussion becomes immaterial.

For all the reasons here suggested, the appellant is not entitled to a reversal.

■ VI. Furthermore it is claimed by the appellant that the district court erred in Instruction No. 6, because the jury was there told that the appellee could recover if he himself was not guilty of contributory negligence, without saying anything about the contributory negligence of the assignors.

Throughout its instructions, nevertheless, the district court repeatedly told the jury that before the appellee could recover on any assigned claim it was necessary that the respective assignor be free from contributory negligence. Again it is repeated that the district court cannot very well put all the principles involved in the case in one instruction. In the case at bar the court below expressly told the jury that the principles guiding it in determining the case were not all contained in one instruction. When the instructions are read as a whole, it is very clear that the jury could not have been misled, for it was plainly told that the appellee could not recover on any assigned claim if the respective assignors were guilty of contributory negligence.

■ VII. Also an objection is made by the appellant because the district court told the jury that the appellant would be negligent

if its servant operated the truck "at a high and dangerous rate of speed." There is no merit in this contention.

The appellee alleged in his petition that the truck was operated at a high and dangerous rate of speed. Then the appellee testified that the truck was traveling 35 miles an hour at the time of the collision. It appears that the truck weighed five tons. At that time the speed limit in Iowa for such truck was 25 miles per hour. Section 5029, Code, 1927. Under these circumstances, it cannot be said as a matter of law that the excessive speed of the truck was not the proximate cause of the injury. Perhaps if the speed had been within the statutory limitation, the driver might have kept the heavy truck on the right side of the road while making the reverse curve. A jury question clearly is presented. · Codner v. Stowe, 201 Iowa 800. See Sexauer v. Dunlap, 207 Iowa 1018.

Before the accident, the appellee saw the truck coming around the curve, and when the same was 75 or 80 feet away, he noticed that it traveled on the wrong side of the road. Clearly under those circumstances the appellee was in a position to give a substantial estimate of the truck's speed. Lane v. Varlamos, 213 Iowa 795. Of course, there was a conflict in the evidence in regard to the truck's speed, but that gave rise to a jury question, and this court cannot interfere with that body's finding thereon.

VIII. Continuing his attack upon the instruction, appellant declares that the district court erred because it submitted to the jury appellee's claim that the former's truck was operated "at a high and dangerous rate of speed under the circumstances as they then existed."

The objection to the instruction is that there was no evidence: First, of a high and dangerous rate of speed; and second, that such speed, if it existed, caused the injury. Because of the facts and circumstances presented, there was evidence of a high and dangerous rate of speed, as before explained. According to the appellee, the truck was traveling 35 miles an hour, which at that time was 10 miles more than the statutory speed limit. Such evidence likewise indicated that the excessive speed might have been the proximate cause of the accident.

Under the division last above, the question of speed and proximate cause was considered. Therefore it is not necessary to repeat the discussion here.

■ IX. Likewise, it is argued by the appellant that the district court erred in instructing the jury that the appellant was prohibited from operating his truck at a "speed greater than will permit him to bring" the same "to a stop within the assured clear distance ahead."

It seems to be appellant's theory here that because the truck and appellee's Studebaker sedan were approaching each other on the paved highway, the instruction concerning a stop within the assured clear distance ahead has no application; for in such event it is the duty of each to turn to the right. If each vehicle does thus turn to the right, a stop would not be necessary, according to appellant's argument. To further elaborate, appellant's contention is that the assured clear distance ahead requirement can only apply when vehicles are directly approaching upon the same course and are not expected to turn aside in a way to allow each other to pass. In view of the fact that appellant's truck was on the wrong side of the paved highway, if such be a fact, the instruction concerning the stop within the assured clear distance ahead would be applicable. Had appellant's driver stopped the truck before appellee attempted to pass, the collision perhaps never would have occurred. The jury, under the record, might find that appellant's driver, because of the speed, could neither turn to the right side of the road nor stop the truck within the assured clear distance ahead.

This argument thus advanced by appellant in effect was repudiated by this court in Sergeant v. Challis, 213 Iowa 57. On page 65 of the Sergeant case we said:

"It is the duty of all persons using the highway to comply with this provision of the statutory law [the one requiring a stop within the assured clear distance ahead]; but, if it appears from all of the evidence to the satisfaction of the jury, that they could not reasonably do so, that they have exercised ordinary care, that is, such care as an ordinarily careful and prudent person in the same circumstances would have exercised in this respect, then they are absolved from the statutory duty. * * * The instruction correctly quoted the statute, and is in all other respects abstractly correct."

Also in the case at bar the district court quoted the statute, as did the trial court in the Sergeant case (213 Iowa 57), supra. Appellant in the case before us made no request for amplification of

the instruction, and therefore cannot now complain because the district court did not elaborate upon the subject.

Under the record, therefore, the district court did not err in giving this instruction.

X. Complaint also is made by the appellant because the district court told the jury that if its truck at the time in question was proceeding at a rate of speed exceeding 25 miles per hour, the appellant would be guilty of negligence.

Continuing at this place, the district court told the jury that, in order for such negligence to be actionable, it would be necessary for the same to be the proximate cause of the injuries. Apparently appellant's objections to this instruction are: First, that there is no evidence that the truck was exceeding a speed of 25 miles per hour; second, that it does not appear that such speed, if it existed, was the proximate cause of the accident; and third, that such excessive speed, if it existed, would not be negligence *per se*.

During the discussion of previous assignments of error, we concluded that there was evidence in the record from which the jury could find: First, that appellant's truck was traveling more than 25 miles per hour at the time; and second, that such excessive speed was the proximate cause of the injuries. Section 5029 of the 1927 Code provides:

"No person shall in any event operate a motor vehicle upon the public highways at a greater rate of speed than as follows: * * *

"2. Twenty-five miles per hour if the weight of the vehicle and load is more than three tons and less than six tons and the vehicle is equipped with pneumatic tires, and twenty miles per hour if such vehicle is equipped with solid rubber tires. * * * * "

According to the evidence, appellant's truck carried a load of more than three and less than six tons. When considering that statute, this court said in Codner v. Stowe, 201 Iowa 800, on page 803:

"A speed in excess of the rate permitted by statute was negligence *per se*, not merely prima-facie negligence."

Obviously, then, the district court was not in error in this regard. Wosoba v. Kenyon, 215 Iowa 226.

XI. Another instruction is complained of by the appellant. While instructing the jury, the district court said:

"If you have found for the plaintiff [appellee], it will not be necessary for you to consider the claim of the defendant [appellant] upon his counterclaim."

The appellant's objection to this instruction is that the appellee might have recovered on the claims assigned to him even though he himself were guilty of contributory negligence. Appellee's negligence, in such event, would be the basis, according to the appellant, for the latter's claim of recovery on the counterclaim. Such negligence on appellee's part, appellant urges, would have barred the former's right to recover on his own original claim, but it would not have barred his right to collect damages on the assigned claims. So appellant concludes that, if the assignors could recover, while appellee, because of his contributory negligence, could not, then appellant could obtain relief on his counterclaim. Obviously the appellant overlooks an important factor in this equation. There could have been no recovery by the appellee on either his own claim or the assigned causes of action unless the appellant were negligent. If the appellant was negligent, it could not recover on its counterclaim, because such negligence would become contributory negligence in the event the appellee himself were negligent. It was evidently found by the jury that the appellant was negligent, because upon that basis it allowed the appellee to recover.

Hence, because of the jury's finding in that respect, the appellant could not have recovered under its counterclaim. Consequently the district court did not err in giving this instruction.

XII. Again, it is said by the appellant that the district court erred in stating the issues. This error, the appellant says, occurred because the district court told the jury: First, that, on account of her (Mrs. Anna Crimmons') age, it was not possible to set her collar bone in such a way that it would heal; and second, that on such account the said Mrs. Anna Crimmons has suffered great pain and mental anguish, and will continue to suffer for some time to come.

Three complaints are made about this instruction: First, it is said that there is no non-medical evidence to sustain it; second, it is claimed that the physician who took care of Mrs. Crimmons did not testify in a way to support the instruction; and third, it is declared that the instruction was so highly prejudicial that the jury returned a verdict excessively high on this particular count of the appellee's petition.

In the first place, the district court in employing the language above complained of was merely stating the appellee's claim. By so doing, the district court itself did not instruct that the facts set forth in such claim were absolutely true. Then, in the second place, Mrs. Crimmons herself testified that she was 78 years old, and suffered from the date of the accident to and including the time of the trial. Following that testimony, Dr. Reed, in the third place, said that Mrs. Crimmons's shoulder was fractured at "about the junction of the inner and middle one third of the clavicle close to the sternal end." Continuing his testimony, the doctor expressed the opinion that Mrs. Crimmons never would make a complete recovery. The theory of the doctor was that the collar bone never would unite properly. He also said that the injury would cause severe pain.

Therefore, it is evident that the district court properly submitted this issue to the jury.

XIII. An exception is also taken because the district court did not definitely instruct the jury concerning the appellee's measure of recovery on the claims assigned to him. It is complained that the court's instruction permitted the jury to wander and enter the domain of speculation and conjecture. Wherefore, appellant contends that under the rule announced in Sergeant v. Challis (213 Iowa 57), supra, there must be a reversal. During the discussion in the Sergeant case, this court said, on page 66:

"The plaintiff in his petition alleged a specific amount of damage for loss of time, a specific amount for nursing and caring for him, and a specific amount for permanent impairment or injury, and asked judgment for all of the same in the sum of $6,656.00. The court, in the aforesaid instruction, does not tell the jury what elements may be considered by them in fixing the amount of plaintiff's recovery, nor fix the limit of recovery for the different elements mentioned in the petition to that alleged in the petition, nor as shown by the evidence relative thereto. Nor is there any standard given for the measure of plaintiff's recovery in the event that the jury should find that the plaintiff's injuries are permanent, and that he will suffer damage in the future. The instruction gives no rule to the jury upon this all-important question, but left them to wander into the domain of speculation and conjecture. Appellant's complaint as to this instruction must be upheld."

In the record before us, however, the district court did not commit the error found in Sergeant v. Challis (213 Iowa 57), supra. Here the district court limited appellee's recovery on each assigned claim to a given amount named in the petition. So, too, the district court limited the sum that appellee could recover on his own original claim to the amount named in his petition. Then the district court also limited the amount of appellee's recovery to the total sum designated in the petition. Furthermore, the district court explained to the jury the nature of each claim sued upon by the appellee. Upon all occasions the jury was expressly limited to the evidence in the case. Moreover, the court below, in addition to the foregoing, told the jury the elements entering into each item of damages. No additional instructions were asked by the appellant.

Error, under all the circumstances, does not appear at this juncture.

▆▆▆ XIV. It is said also by the appellant that the district court erred in instructing the jury as follows:

"In your jury room you should not refer to, discuss, or consider anything except the evidence received and these instructions. All statements or suggestions from any other source should be discarded."

That instruction, appellant contends, is erroneous because its effect was to "prohibit the jury from considering the arguments and reasoning advanced by counsel."

Manifestly, however, the instruction is not subject to this criticism. The jury was told that it should consider the evidence and the instructions, and that the statements and suggestions which were not evidence should be discarded. By so doing, the trial court did not tell the jury that in determining the evidence it could not consider the arguments of counsel. A similar instruction was approved by this court in Preston v. Walker, 26 Iowa 205. In that case, we said, on page 212:

"That the court should have said to the jury in the tenth instruction, that on arriving at a verdict they should be governed by a preponderance of evidence, and that they had no right to allow anything to influence their minds except the evidence, and the law, as given by the court, was so manifestly right as to scarcely need attention. We can hardly conceive of a case, notwithstanding the most earnest objection made to this part of the charge by appel-

lant's counsel, based upon what he esteems the peculiar circumstances attending the trial,—we say we can hardly conceive of a case in which it would not be eminently proper. It by no means denies to jurors the right to exercise their common sense, their duty to weigh testimony in the light of facts or principles, or rules settled or recognized by their own experience. Nor does it prevent a juror bringing to his aid what is styled his intuitive perception of right and wrong, nor of exercising to its fullest extent, his sense of right. But it would be most dangerous to allow an unbridled and uncurbed license on the part of juries, when they are in a forum where 'justice is to be judicially administered.' They have no more right to make their own views of right and wrong their guide—ignoring the evidence and the law—than they have to decide legal issues, or make a contract for the parties which, in their opinion, would be more equitable and just than that which they have made. *And in view of the appeals made to jurors, and the not unfrequent attempts to lead them aside from their sworn duties* (not, we admit, discernible in this case), *courts cannot too earnestly press upon them the necessity of looking to the law and the testimony, uninfluenced by all outside considerations.* [The italics are ours.] As to the law, they have no discretion. The facts they judge of, using all the faculties of their minds, reaching a conclusion upon them as they are presented, and not upon those which their prejudices, likes or dislikes, or other considerations or influences, may faintly or vividly present."

Without approving the form of the instruction, this court finds, nevertheless, that the substance thereof is not erroneously given, under the circumstances.

XV. Finally, it is contended by the appellant that the district court erred because it did not, upon the former's motion, dismiss the jury. Such dismissal of the jury was asked because, it is alleged, the subject of insurance was wrongfully injected into the controversy on the cross-examination of the witness William Werker. William Werker was the appellant's witness. During the cross-examination of this witness by appellee, the following questions and answers appear in the record:

"Q. Ever talked this case over with anybody? A. No, sir. Q. Not at all? A. Not only with Mr. what's his name, I can't speak the gentleman's name now. Q. Mr. Messer? [Appellant's

attorney.]  A.  Yes, sir.  Q.  When was that?  A.  Today.  Q. Was that after you were subpoenaed?  A.  Yes, sir.  Q.  Ever talk it over with anybody before that?  A.  Why, with the—I believe it is the insurance man or something, I talked with a little."

Because of what had been said by this witness before, these questions were material.

The foregoing is the basis upon which the appellant predicates error because the district court did not sustain its motion to continue the cause.  It is claimed by appellee that the answer was a surprise, and that he did not intend to elicit this information concerning insurance.  ·Obviously the statement of the witness is exceedingly indefinite.  While he does refer to an insurance man, he makes no specific reference to any person who is said to have insurance on the truck in question.  Only by conjecture can it be said that the insurance man referred to by the witness had anything to do with a policy on appellant's car.  As a matter of fact, there is nothing to indicate specifically that the appellant's truck was insured.  Moreover, the statement of which complaint is made, was uttered by the witness during cross-examination.  There is nothing indicating that appellee's counsel designedly sought to bring before the jury the fact that appellant carried liability insurance.  In any event, the cross-examination was proper, even though it did elicit the fact that appellant carried liability insurance.  A party to a lawsuit has a right to bring forth all relevant, material, and competent facts. Although such material, relevant, and competent facts include the suggestion that one party carries insurance, the rule is not changed. Error arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance.  Stilson v. Ellis (208 Iowa 1157), supra. Hence there is no basis for a new trial because of this alleged error.

Other matters are argued, but because this opinion already is exceedingly long, we do not discuss them at length.  These matters have been considered, and they are not sufficient to warrant a change in the conclusion.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.