EARL McMURRY, Appellee, v. CHARLES A. GUTH, Appellant.

No. 45288.

DECEMBER 10, 1940.

Bradshaw, Fowler, Proctor & Fairgrave, for appellant.

Forrest L. Galpin and Isador Robinson, for appellee.

RICHARDS, C. J.— ██ One question brought here is whether the trial court erred in refusing to direct the jury to return a verdict for defendant at the close of the offering of the evidence of the respective parties. Defendant moved therefor, upon the ground that under the evidence plaintiff was guilty of contributory negligence, as a matter of law, in failing to yield the right of way to defendant in the street where plaintiff was struck, and in assuming a place of peril immediately before the accident, and in failing to do anything to protect himself until only an instant before he was struck. As sustaining this ground defendant cites the following portion of section 5027.04; Code of 1939:

"Crossing at other than crosswalk. Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

Turning to the portions of the record that are pertinent to the ground of the motion we discover no dispute concerning the following: The sun shining, the skies clear, the weather mild, the pavement dry, the accident occurred about 2:45 p. m., March

13, 1939, on University Avenue in Des Moines. Into this avenue, which extends east and west, Thirty-eighth Street enters from the south, and ends. The point where plaintiff was struck was 90 or 100 feet east of Thirty-eighth Street. A city block west of Thirty-eighth Street was Thirty-ninth Street. It intersects University Avenue at right angles. The avenue is fairly level easterly from the place of the accident, as well as westerly to some point beyond Thirty-ninth Street.

Coming to the evidence that was controversial, and viewing same as favorably to plaintiff as may reasonably be done, the jury could have found the facts to have been as follows: Not long before the accident plaintiff had come from the west in an automobile that one Farrell was driving. When this car was stopped about 70 feet east of Thirty-eighth Street and parked at the curb on the south side of University Avenue, plaintiff alighted and walked about 30 feet east upon the parking to a point opposite his residence on the north side of the avenue. At that point on the parking he looked east and observed that upon the four blocks within his clear vision there was no approaching traffic. Then looking west he saw defendant's car at about Thirty-ninth Street traveling east. At the same time, and continuing to look west, plaintiff stepped off the parking and proceeded north on the paving three or four steps and then stopped. He could then see west past the Farrell car parked at the curb. He thought defendant's car was approaching at 25 to 30 miles per hour, and observed that there was no other traffic on the avenue. Plaintiff then proceeded two or three steps further and again stopped, this time to let defendant's car go past him. Defendant's car was then at about Thirty-eighth Street. With plaintiff standing still at that point, which was about 13 feet north of the south curb, the car would have passed by plaintiff without coming into contact with him, had the car continued to proceed east on the direct course it was pursuing. But when the car was about 25 or 30 feet from plaintiff it was pulled over in an altered direction, southeasterly, toward plaintiff. When the change of direction of the course of the car began, plaintiff immediately stepped and jumped toward the south. Despite his efforts the right front headlight struck him, resulting in the in-

juries here involved. The speed of the car at Thirty-eighth Street was 50 miles per hour. The brakes were set and the tires were burning black marks on the paving as the car passed the Farrell car.

We are of the opinion that the court rightly viewed the question whether plaintiff was contributorily negligent as being one for the jury. The paving was slightly more than 50 feet in width. The jury could have found that, in the event of the car passing plaintiff where he stopped and stood, there would have been a space of 2½ to 4 feet between the car and the plaintiff, had the driver of the car continued upon the direct course, easterly, that he was pursuing up to the time the car was turned toward plaintiff. And, in following the direct easterly course, the car was traveling several feet south of the middle line of the paving in a proper line of travel that defendant appeared to have chosen for his use. Plaintiff standing where he did in no way obstructed this course. And it is also true that the north half of the paving was at the time wholly unoccupied by any traffic. It appears to us that the jury might properly have found that plaintiff-pedestrian was yielding the right of way within the meaning of the statute quoted above. This statute cannot be interpreted as commanding the yielding of the whole street. The jury could have found that the portion of the street defendant had chosen to use in exercising his right of way was yielded to him. If the jury so found the statute was not as a matter of law violated.

Nor in our opinion was plaintiff as a matter of law negligent in taking his position and standing where he did upon this avenue that was free from all traffic upon its 50 feet of width, save defendant's automobile and the parked Farrell car. Aside from the parked car, plaintiff and defendant's car were the only objects upon the street, and each was in plain view of and from the other. It was appellant's right to be upon the street. In exercising that right his duty was to exercise reasonable care. Sheridan v. Limbrecht, 205 Iowa 573, 218 N. W. 278. Appellant concedes that the evidence indicates that plaintiff made an effort to get out of the way of the car, but criticizes plaintiff's conduct in that he did not do so until

the car was "right on him." It appears clearly that the change of direction of the car was not made until it had approached so nearly that there was no escape to be made by plaintiff from the consequences. So, if there was negligence, it must be found in some act or failure to act preceding the effort to escape. Defendant, in discussing what that act or failure may have been, says: "Although he [plaintiff] observed the approach of the car, he did not get off the pavement to avoid injury to himself." Appellant also assumes a more reasonable attitude, when he urges that plaintiff's position in the street was in any event such that, if defendant's car had proceeded straight ahead, then there was every danger of injury to plaintiff. There was possible danger, as always there must be, amid crosscurrents of street traffic. But in this jurisdiction the question of ordinary care on part of the pedestrian has been deemed a jury question in several instances where the facts were in considerable measure comparable with those in this case. Orth v. Gregg, 217 Iowa 516, 250 N. W. 113; Woolsoncroft v. Rogers, 192 Iowa 1130, 186 N. W. 13; O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516; Swan v. Dailey-Luce Auto Co., 225 Iowa 89, 277 N. W. 580. A repeating of discussions that already appear in these cases does not appear to be needed or justifiable. We hold, consistently with the findings in those cases, that the refusal to direct a verdict for defendant was not erroneous.

 Appellant assigns as error the giving of the eighth instruction, which was to the effect that, if defendant failed to keep a proper lookout for persons who might be in his line of travel, such failure would be negligence. The complaint is that the instruction submitted to the jury a charge of negligence not supported by any evidence that appellant failed to keep a lookout. Counsel bottom this contention on the defendant's testimony that he first saw plaintiff when he ran out from behind the east end of the parked Farrell car directly in front of defendant's car in such manner that defendant did not have time "to sound a horn or anything of that kind" before the car struck plaintiff. The argument is that this evidence shows that defendant did see plaintiff at all times he was to be seen, and consequently there was neither evidence nor any circumstance from which the jury

could find there was a failure to keep a lookout. Appellant relies upon Hartman v. Lee, 223 Iowa 32, 272 N. W. 140. But a distinction between the cited case and the one at bar is that in the record now before us the testimony of defendant is not the sum total of the evidence pertinent to the keeping of a lookout. The record is not devoid of testimony and circumstances indicating that, had defendant been keeping a lookout, he would have seen plaintiff while the latter was in defendant's plain view for a considerable period of time before defendant now claims he first saw plaintiff, briefly before he was struck. The record warranted the giving of the instruction. Swan v. Dailey-Luce Auto Co., supra, Orth v. Gregg, supra, Robertson v. Carlgren, 211 Iowa 963, 234 N. W. 824.

Appellant assigns as error the overruling of ground No. 6 of his motion for new trial. Its purport was that the verdict of $2,500 was excessive and clearly appeared to have been given under the influence of passion and prejudice. Reviewing the record we think that passion and prejudice may not fairly be inferred, and in view of the eventual reduction of the amount of judgment to $2,000 we are of the opinion that a reversal is not warranted.—Affirmed.

SAGER, HAMILTON, HALE, MILLER, MITCHELL, STIGER, BLISS, and OLIVER, JJ., concur.