GRACE STEWART, appellee, v. WATSON A. HILTON, JR., appellant.

No. 48925.

(Reported in 77 N.W.2d 637)

June 19, 1956.

Hyland & Hyland, of Tama, for appellant.

Dickens & Mickelson, of Toledo, and Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellee.

GARFIELD, J.—Defendant-motorist, age 20, struck and seriously injured plaintiff, age about 55, while she was walking with her invalid sister at dusk across U. S. Highway 63 in the city of Toledo. The ladies were crossing the 18-foot pavement at a point not within a crosswalk at an intersection. Trial resulted in a jury verdict and judgment for plaintiff for $15,000. Defendant has appealed.

I. Plaintiff advances a number of technical grounds for affirmance. We will mention the first of them—that defendant's brief sets out "Propositions relied upon for reversal" rather than "A statement of errors relied on for reversal", as provided by rule 344(a)(3), Rules of Civil Procedure. The rule contemplates a statement of "errors" when the appeal presents questions of law or a statement of "propositions" when it is triable de novo. Lundy v. O'Connor, 246 Iowa 1231, 1234, 71 N.W.2d 589, 591.

While careful compliance with our rules is the only safe course, we do not regard the designation "propositions" for "errors" as such a departure from the rules as warrants a virtual dismissal of the appeal. We have considered several appeals where there was greater lack of literal compliance with our rules than we find here. See Lundy v. O'Connor, supra; Hassebroch v. Weaver Construction Co., 246 Iowa 622, 624, 67 N.W.2d 549, 551; Carlson v. Bankers Trust Co., 242 Iowa 1207, 1210, 1211, 50 N.W.2d 1, 3, 4; Agans v. General Mills, Inc., 242 Iowa 978, 980, 48 N.W.2d 242, 243; Patterson v. Wuestenberg, 239 Iowa 658, 663, 664, 32 N.W.2d 209, 212.

II. Defendant first argues the last paragraph of instruction 28 and all of No. 29 are erroneous because they embody the doctrine of last clear chance which was not pleaded.

Instruction 28 first quotes this provision of section 321.328, Code, 1954: "Every pedestrian crossing a roadway at any point other than within a * * * crosswalk * * * at an intersection shall yield the right of way to all vehicles upon the roadway * * *", and this from section 321.329: "Notwithstanding the provisions of section 321.328 every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary * * *." Instruction 28 then says if plaintiff violated 321.328 she was, prima facie, guilty of contributory negligence.

The last paragraph of instruction 28 states that if the jury finds plaintiff violated 321.328 and also finds defendant had reasonable opportunity to avoid colliding with plaintiff and failed to exercise due care to avoid doing so, or that defendant had reasonable opportunity to sound his horn in time to warn

plaintiff and failed so to do, then the fact plaintiff may have violated section 321.328 would not constitute contributory negligence on her part.

It is this last paragraph to which defendant objects as an improper submission of the doctrine of last clear chance that plaintiff did not plead among the specific grounds of negligence upon which recovery was sought. Plaintiff contends and the trial court held the instruction correctly states the legal effect of sections 321.328 and 321.329 as applied to this case. The substance of instruction 28 is that plaintiff's violation of section 321.328, if there was such, would not be contributory negligence if defendant violated 321.329.

Instruction 29 tells the jury in substance that if it finds plaintiff failed to exercise ordinary care for her own safety and such failure contributed in any degree to cause said injury then plaintiff cannot recover unless it further finds that defendant, after discovering plaintiff's dangerous position, failed to exercise ordinary care to avoid the injury, and if it finds plaintiff was in a perilous position and defendant saw plaintiff and knew she was in peril or might have so known by the use of ordinary care and thereafter failed to use such care to prevent injury to plaintiff, which defendant could have avoided by the use of ordinary care, then defendant would be negligent. "If you fail so to find then defendant was not negligent in this respect."

We are clear instruction 29 constitutes reversible error upon the ground urged by defendant. Its effect is that plaintiff's contributory negligence in any respect (not merely a violation of section 321.328, above quoted), does not prevent recovery if defendant, after discovering plaintiff's position and with knowledge or means of knowledge of her peril, failed to exercise ordinary care to avoid the injury, which could have been avoided by the use of such care. While the instruction may not be an exact statement of the doctrine of last clear chance it is vulnerable to the objection it embodies the substance thereof. See Menke v. Peterschmidt, 246 Iowa 722, 725, 726, 69 N.W.2d 65, 68, 69, and citations.

Instruction 29 cannot be upheld as a correct statement of the legal effect of sections 321.328 and 321.329. It submits a

charge of negligence not pleaded. Nor are the essential ultimate facts giving rise to the last-clear-chance doctrine alleged. Earlier instructions fully inform the jury regarding the pleaded specifications of negligence. That instruction 29 is error see Menke v. Peterschmidt, supra, and citations; Falt v. Krug, 239 Iowa 766, 769, 32 N.W.2d 781, 783, and citations; Pettijohn v. Weede, 219 Iowa 465, 468, 258 N.W. 72; article by Harry G. Slife, 34 Iowa Law Review 480, 491, 492; annotation 25 A. L. R.2d 254; 38 Am. Jur., Negligence, section 271. See also 65 C. J. S., Negligence, section 191.

Our holding instruction 29 is error in the respect claimed is not to be taken as an indication the evidence is such that the last-clear-chance doctrine would be applicable if it had been pleaded. We express no opinion upon that question.

█ We are not persuaded the last paragraph of instruction 28 is vulnerable to the only objection defendant has urged against it—that it embodies the last-clear-chance doctrine. It was evidently intended as an explanation of the legal effect of sections 321.328, 321.329, quoted above. Since this will doubtless be a vital question upon a retrial hereof we deem it desirable to express our disagreement with the view instruction 28 expresses, that plaintiff's violation of 321.328, if there was such, would not constitute contributory negligence if defendant violated 321.329. Such an interpretation of these two sections requires reading into them a provision not found therein. Section 321.328 places a positive duty upon every pedestrian crossing a roadway and 321.329 imposes a like duty upon every driver of a vehicle.

█ The statement in instruction 28, previously referred to, that if plaintiff violated section 321.328 she was, *prima facie*, guilty of contributory negligence also cannot be approved. Use of "prima facie" in this connection is incorrect. If plaintiff violated the statute she would be negligent per se, not, as in the case of violation of section 321.298 requiring vehicles meeting each other to give half the traveled way by turning to the right, merely prima facie negligent. See Florke v. Peterson, 245 Iowa 1031, 1034, 65 N.W.2d 372, 373, and citations; Reed v. Willison, 245 Iowa 1066, 1071, 65 N.W.2d 440, 443, and citations; Worth-

ington v. McDonald, 246 Iowa 466, 472, 68 N.W.2d 89, 93, 47 A. L. R.2d 135, 140, and citations.

Whether it appears as a matter of law plaintiff violated 321.328 is another question, hereinafter considered.

III. Plaintiff advances some reasons of a technical nature in resistance to defendant's claim of error in the giving of instruction 29. It is said defendant's objection to the instruction in the trial court fails to sufficiently specify "the matter objected to and on what grounds" as required by rule 196. We think the objection sufficient. It states "Defendant objects to instruction 29 for the reason it embodies the doctrine of last clear chance which has not been pleaded and its submission to the jury is therefore improper."

Plaintiff suggests the objection goes to the entire instruction and if any part thereof is good the objection is of no avail. It is true, as plaintiff says, an objection to an entire instruction containing separate and distinct propositions is not well taken if one of them is correctly stated. 88 C. J. S., Trial, section 420a. We feel instruction 29 does not contain distinct propositions and is inherently erroneous in its entirety. See idem, section 420b.

It is argued defendant's objection to instruction 29 was waived because there was no ruling on the objection before the instructions were read to the jury. So far as we know, this is a contention never before advanced to us. It is without merit. Nothing in our rules required the trial court to overrule the objection to instruction 29 in any other way than by giving it to the jury. The necessary effect of so doing was to overrule the objection. The error consists in giving the instruction notwithstanding the objection. Overruling the objection would not have been prejudicial to defendant unless the instruction had been submitted to the jury. Defendant's timely objection to the giving of instruction 29 entitles him to assert the objection as error on this appeal and it is our duty to consider it. This is the purport of rule 196.

IV. Defendant assigns as error the giving of instructions 18, 21 and part of 8. Since no objection to any of these instructions was made before the instructions were read to the

jury they are not to be considered here. Rule 196 states "No other * * * objections shall be * * * considered on appeal." Objections to instructions first asserted in the motion for new trial following verdict were too late. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 201, 61 N.W.2d 696, 701; Stupka v. Scheidel, 244 Iowa 442, 450, 56 N.W.2d 874, 879, and citations; Pelter v. Spring, 242 Iowa 1117, 1120, 49 N.W.2d 478; 88 C. J. S., Trial, section 415, page 1141.

V. Defendant asserts error in the refusal of his requested instructions 3 and 4. Number 3 states the operator of a motor vehicle who has failed to comply with a statute may avoid the consequences thereof by establishing as a legal excuse that he was confronted with an emergency not of his own making which prevented his complying with the statute. Number 4 defines emergency.

Defendant objected to the instructions because they did not contain these requests but made no attempt to specify any grounds for the objection. Rule 196 requires "* * * all objections to giving or failing to give any instruction must be made * * *, specifying the matter objected to and on what grounds." Defendant's objection fails to comply with the rule because it does not specify the grounds of the objection. Pond v. Anderson, 241 Iowa 1038, 1046, 44 N.W.2d 372, 377, and citations; Anthony v. O'Brien (Ladd, J.), 188 Iowa 802, 805, 175 N.W. 750, 751. See also Clayton v. McIlrath, 241 Iowa 1162, 1168, 44 N.W.2d 741, 745, 27 A. L. R.2d 307; Ehrhardt v. Ruan Transport Corp., supra, 245 Iowa 193, 201, 61 N.W.2d 696, 701; 53 Am. Jur., Trial, section 833.

Although defendant is not entitled to have this assigned error considered, we may observe we think it is without merit. We find no substantial evidence that defendant was confronted by an emergency *not of his own making* and by reason thereof failed to comply with any statute applicable to the case, within the rule of Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, and numerous decisions that follow this precedent.

VI. Defendant assigns error in the overruling of his motion for directed verdict upon the grounds plaintiff failed to prove negligence of defendant which caused her injuries and also

her freedom from contributory negligence. Defendant's argument upon this point consists merely of a substantial repetition of the assignment of error, without elaboration. Such argument, if it may be called such, is insufficient to be considered by us. Rule 344(a)(4)(Third), Rules of Civil Procedure; State v. Erb, 238 Iowa 612, 615, 28 N.W.2d 24, 25, and citations; 3 Am. Jur., Appeal and Error, section 776, page 336; 4 C. J. S., Appeal and Error, section 1324a.

However, since it is probable there will be a retrial upon similar evidence involving the vital question whether plaintiff violated Code section 321.328 as a matter of law, we deem it advisable to express the view there was no such violation. This statute, quoted in Division II hereof, provides, so far as applicable here: "Every pedestrian crossing a roadway at any point other than within a * * * crosswalk * * * at an intersection shall yield the right of way to all vehicles upon the roadway * * *."

Two previous decisions consider the scope of this provision. Each holds the pedestrian-plaintiff under the circumstances of the particular case did not, as a matter of law, violate the statute. Scott v. McKelvey, 228 Iowa 264, 274, 290 N.W. 729; McMurry v. Guth, 229 Iowa 776, 779, 295 N.W. 133, 135. The Scott case holds the statute is not violated where defendant's vehicle first comes into view after the pedestrian has started to cross the roadway, provided she exercises ordinary care under the circumstances. Here there is substantial evidence by plaintiff and two other eyewitnesses that defendant's automobile first came into view after these ladies had started to cross the roadway and the jury could find plaintiff exercised ordinary care under the circumstances. See McMurry v. Guth, supra, and citations, at page 780 of 229 Iowa, page 135 of 295 N.W.

McMurry v. Guth holds "This statute cannot be interpreted as commanding the yielding of the whole street." Plaintiff's freedom from contributory negligence was there held to be a jury question since it might properly have found he yielded to the motorist ample space on the roadway to pass in safety. Here there is substantial testimony of three witnesses plaintiff was at the east edge of the pavement, "pretty near off it," when she

was struck. The ladies crossed the roadway from west to east. The jury could find defendant had nearly the whole width of the pavement for his use.

VII. Finally, defendant complains of the court's refusal to declare a mistrial during his cross-examination of plaintiff and again during the closing jury argument of her counsel on the ground liability insurance was improperly injected into the trial.

Six days after she was injured plaintiff was interviewed at the hospital by Mr. Gray, an attorney who represented some insurance company, and a court reporter. Defendant's counsel cross-examined plaintiff at some length regarding this interview. After plaintiff testified her two callers were strangers to her and she did not know their names she was pressed for answers as to Mr. Gray's identity. To the question, "Did he tell you who he represented?" plaintiff answered, "He represented some insurance company." Upon defendant's motion to strike the answer as not responsive the court ruled the question called for a yes or no answer. Plaintiff answered "yes." Defendant then moved for a mistrial because plaintiff "deliberately injected the question of insurance in this trial." The motion was overruled.

Later in the same cross-examination, after plaintiff had made it clear she did not know Mr. Gray's name, she was asked, "Is his name Gray?" and she answered, "I don't know whether his name is Gray—the nearest I can tell you who he is, he was a representative of an insurance company from Cedar Rapids, whoever that was." Thereupon defendant again moved for a mistrial upon the same ground as before and the motion was again overruled. However, all the answer following "Gray" was stricken and the jury admonished to disregard it. Defendant's attorneys graciously conceded "No improper motives are attributed to plaintiff's counsel."

During the closing jury argument by one of plaintiff's attorneys reference was made to the testimony first above mentioned. Upon defendant's objection to the argument the court told the attorney to "desist from that." Another motion by defendant for a mistrial was overruled,

998

The trial court evidently gave careful consideration to the motions for mistrial and the part of the motion for new trial based upon these incidents. He was convinced plaintiff's answers regarding insurance were in good faith, without purpose to inject improper matter into the trial. The court also apparently felt the verdict was not adversely affected by what was said by plaintiff or her counsel about insurance. The trial court has some discretion in ruling on a question of this kind. We are not persuaded such discretion was abused here.

Although plaintiff's references to insurance may not be technically responsive to the questions asked they are such answers as may be expected of an unskilled witness to questions of the kind asked by defendant's counsel. The references to insurance are quite indefinite—they do not say Mr. Gray represented a company that insured defendant from liability against this claim. See Remer v. Takin Bros. Freight Lines, 230 Iowa 290, 295, 297 N.W. 297, 299. The company may have insured one of those injured against personal injury by accident.

"By weight of authority * * * the fact that an irresponsive or inadvertent answer includes a reference to insurance will not be ground for declaring a mistrial." Annotations 4 A. L. R.2d 761, 784. Numerous decisions are cited in support of this statement, including five of our own.

We have said several times "Error arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance." Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 214, 243 N.W. 561, 569; Bauer v. Reavell, 219 Iowa 1212, 1218, 260 N.W. 39; Wolfe v. Decker, 221 Iowa 600, 603, 266 N.W. 4. To like effect are Remer v. Takin Bros. Freight Lines, supra, 230 Iowa 290, 295, 296, 297 N.W. 297, 299; Trout v. Talerico, 237 Iowa 285, 294, 21 N.W.2d 672, 676.

In addition to the authorities just cited our conclusion it was not reversible error to deny defendant's motions for mistrial finds support in Pierce v. Dencker, 229 Iowa 479, 484, 485, 294 N.W. 781; Johnston v. Calvin, 232 Iowa 531, 535, 5 N.W.2d 840, 842, 843; annotation 95 A, L. R. 388, 393, 399.

The error pointed out in Division II hereof in the giving of instruction 29 entitles defendant to a new trial.—Reversed.

All JUSTICES concur.