MELBA AUEN, appellee, v. ALVIN KLUVER, appellant.
EILERT AUEN, appellee, v. ALVIN KLUVER, appellant.

No. 49647.

(Reported in 95 N.W.2d 273)

Mᴀʀᴄʜ 10, 1959.

Edson, Hamilton & Skinner, of Storm Lake, for defendant-appellant.

Edward S. White, of Carroll, for plaintiffs-appellees.

Lᴀʀsᴏɴ, J.—Appellant assigns two errors in this appeal. The consolidated damage actions involve an automobile collision on a rural highway. It is appellant's contention that, from the record taken as a whole, the court should have found that the plaintiff Eilert Auen was guilty of contributory negligence as a matter of law, and that the record disclosed such prejudicial conduct on the part of plaintiffs' attorney that a new trial should have been granted. The trial court submitted the issue of contributory negligence to the jury, overruled defendant's motion to direct a verdict, and denied his motion for a new trial. The trial court was right.

Two separate actions for personal injuries suffered in an automobile collision were brought against the defendant. In one case the plaintiff was Eilert Auen, driver, and in the other his wife, Melba Auen, who was riding with her husband. The cases were consolidated for trial. The record discloses the following undisputed facts.

The accident occurred near the town of Wall Lake, Iowa, about 5 p. m. on October 13, 1957. At that time plaintiff Eilert Auen, with his wife as a passenger, driving west on a gravel road approximately 24 feet wide, reached a point near the crest of a small hill or knoll adjacent to a driveway leading north to a farmyard. At the same time and place defendant was driving his vehicle east, and the two collided, with the point of impact on each car at or near the left front headlight or fender. Both drivers claimed to be on their own one half of the traveled portion of the highway at the time, and, with the exception of a fourteen-year-old boy sitting in a car in the barnyard to the north, there was no other eyewitness to the accident. After the collision plaintiffs' automobile was found on the north half of the highway facing south, and the defendant's automobile was on the south edge of the road with its rear wheels in the ditch facing north. There were no discernible skid marks on the road. The cars were badly damaged. Both the plaintiffs were seriously injured.

Defendant relies greatly upon the statement in cross-examination of the plaintiff Eilert that he did not see the defendant until they were some 20 or 30 feet apart, to sustain his contention that Eilert was guilty of contributory negligence. He contends that admission discloses plaintiff's negligence in failing to maintain a proper lookout. He further contends, from all the other circumstances disclosed, it was evident that this negligence of plaintiff did contribute to his injury and, therefore, he cannot recover in his action for damages.

This is another matter where the law is quite clear, but the application sometimes becomes obscure with varying factual situations.

I. It is well settled in this state that for the purpose of a ruling on a motion for a directed verdict the evidence must be viewed in its most favorable light for the plaintiff. Huffman

v. King, 222 Iowa 150, 157, 268 N.W. 144, and authorities cited therein; Wiese v. Hoffman, 249 Iowa 416, 86 N.W.2d 861, and cases cited.

Appellee contends there is nothing in the record indicating that the situation facing him was fraught with danger which would require of him greater care in maintaining a lookout than that which should be maintained by the ordinary prudent driver under these circumstances. Mueller v. Roben, 248 Iowa 699, 705, 82 N.W.2d 98, 102. The weather was clear and the roadway dry and normal. He testified he was driving west on his side of the road at a speed of 35 to 40 miles per hour and, as he approached the crest of the hill, "was looking west." In the Mueller case we said: " 'The proper object of one's watchful care or concern' * * * is that watchfulness which a prudent and reasonable person must maintain for his own safety and the safety of others, taking into consideration the circumstances with which he is immediately concerned or confronted."

In order for defendant to prevail in his contention that Mr. Auen was negligent as a matter of law, it was imperative that the record disclose two things as a verity, i.e., (1) that plaintiff Eilert failed to maintain a proper lookout under the circumstances, and (2) that this failure, if it was a failure, contributed in any manner or degree to his injury or damage. Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 243 N.W. 561. Appellee contends the record fails to disclose any more than a question of fact on these important issues.

II. Contributory negligence and proximate cause, we have often said, are strictly issues of fact and are ordinarily for the jury except where, under the entire record, plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion. Then and only then does the question become one of law for the court. Miller v. Griffith, 246 Iowa 476, 479, 66 N.W.2d 505; Kinney v. Larsen, 239 Iowa 494, 498, 31 N.W.2d 635; Howie v. Ryder & McGloughlin, 244 Iowa 861, 865, 58 N.W.2d 389.

In Leinen v. Boettger, 241 Iowa 910, 926, 44 N.W.2d 73, 82, we said: "It needs no citation of authority that the issue of freedom from contributory negligence on the part of the plaintiff is usually one of fact and not of law and is peculiarly

and ordinarily for the determination of the jury, and that it is only in the rare and exceptional case and where the lack of reasonable care is so manifest, flagrant, palpable that reasonable minds may fairly reach no other conclusion, that the question is one of law for the court. [Citing many cases.]"

We have never departed from this rule and we are not so inclined at this time.

In the light of these well-established rules we consider the facts, circumstances and testimony which appellant believes disclose a lack of reasonable care on behalf of plaintiff Eilert Auen.

The plaintiff Eilert Auen testified on direct examination that, "I was traveling on the right side of the road. I was going up that hill and just as I got almost to the driveway Mr. Kluver came over the hill and he ran into me. At the time Kluver's car struck mine I was on the right side of the road. * * * As I approached the crest of the hill I was looking west."

On cross-examination he testified, "I first saw the Kluver car when I got to the crest of the hill. I just saw the short distance—then it hit." To the question "Less than 20?", he said, "Well, I wouldn't say. Somewhere in there. I wouldn't know. Q. In other words it was close? A. Yes. Q. Meaning somewhere around 20 feet approximately, give or take 5 feet or 10 feet either way—probably not down, but up—and that's the first time you observed it? A. Yes."

It is clear that this testimony alone could do no more than raise a fact question as to whether or not plaintiff Eilert maintained a proper lookout. He testified he was driving west on the right side of the road and looking west. He stated that he saw the defendant's car a short distance before the collision, and merely guessed at the distance at defense counsel's suggestion. In fact, he said it was close, gave the locality where he first saw defendant, and said he did not know the distance.

True, there was testimony by highway patrolmen that cars approaching each other at this spot on the highway first became visible at about 300 feet apart. Then only the tops of the cars could be seen. As the distance narrowed, more of the cars came into view. The defendant was driving approximately 40 miles per hour, so the distance of 300 feet would have been

covered by both vehicles in four or five seconds after they could have detected each other. Plaintiff approaching the crest of this hill had a right to presume, until he knew or should have known otherwise in the exercise of ordinary care, that any vehicle approaching from the opposite direction would not be in the north lane of travel, section 321.304(1), Code of 1958, and the jury could well find that Mr. Auen was in the exercise of ordinary care in the operation of his car as he approached this hill crest. Central States Elec. Co. v. McVay, 232 Iowa 469, 5 N.W.2d 817. Under proper instructions, and we assume they were as no complaint was made as to them, the issue, we think, as to whether plaintiff Eilert had shown himself free from contributory negligence, was rightly submitted to the jury.

██ III. Furthermore, we think there was no evidence which tended to establish as a matter of law that even if Mr. Auen had been negligent in keeping an adequate lookout, such failure contributed in any way or in any degree directly to the collision, injury or damage of the plaintiffs. Albert v. Maher Bros. Trans. Co., supra, 215 Iowa 197, 243 N.W. 561.

The defendant himself testified that he observed plaintiffs' car for some distance and that it was on its right side of the road until it was approximately 15 or 20 feet away, when it suddenly veered over into him. Thus the failure to observe prior to the time when the act complained of took place would not establish as a certainty such a causal connection between that failure and the collision, injury or damage, so that reasonable minds might reach no other conclusion. Lathrop v. Knight, 230 Iowa 272, 297 N.W. 291; Stewart v. Hilton, 247 Iowa 988, 996, 77 N.W.2d 637; McMurry v. Guth, 229 Iowa 776, 779, 295 N.W. 133, and citations; Leinen v. Boettger, supra, 241 Iowa 910, 926, 44 N.W.2d 73; Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 82 N.W.2d 151, and cases cited; Brinegar v. Green, 117 F.2d 316.

Appellant relies for support of his position on Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 200, 61 N.W.2d 696, 700, but we said therein: "The crux of this case, we believe, is the question of which vehicle was on the wrong side of the center line at the time of the impact." Both parties claimed the other crossed the center line of the road and struck the other at the

last moment. It was not then a question of lookout but of failure to yield that became the vital factual issue. Also see Eclipse Lbr. Co. v. Davis, 196 Iowa 1349, 195 N.W. 337.

Excepting then for the moment before the collision, all evidence tended to establish that Mr. Auen was on his right side of the road. The eyewitness, Larry Kolbe, testified, "I saw this collision. I first saw the Kluver car as it came from the west. * * * I didn't see the Auen car until it was right on top of the hill. * * * the Kluver car was over the halfway mark at the time of the collision." In addition, his father, George Kolbe, who arrived moments after the crash, said, "I saw Mr. Auen's car, I would say it was on his half of the road. * * * I saw no skid marks made by any of the wheels of the Auen car."

From our rather extensive review of the testimony and physical facts involved herein, we have no doubt that the issue of contributory negligence was properly submitted to the jury. But even if there had been doubts, we said in the recent case of Clark v. Umbarger, 247 Iowa 938, 942, 75 N.W.2d 243, 245, that "Doubts should be resolved in favor of submission to the jury", citing many cases. Furthermore, we reaffirmed in Smith v. Darling & Co., 244 Iowa 133, 144, 56 N.W.2d 47, 53, that "It is the well-settled rule of law in this state that if there is any evidence tending to establish plaintiff's freedom from contributory negligence, that question is one for the jury." Huffman v. King, supra, 222 Iowa 150, 154, 268 N.W. 144, 147.

In passing, we also note that no evidence appears which would tend to prove Melba Auen guilty of contributory negligence as a matter of law. She testified that her husband was driving on his own side of the road as he approached the crest of the hill. She recalls nothing that occurred thereafter.

IV. The second error assigned is completely without merit. Defendant complained of the court's ruling on a statement by plaintiffs' counsel to the defendant, Kluver. He said, "I noticed this morning you were smiling a good deal when the doctor was describing the injuries these people had." Defendant objected, stating it was "improper cross-examination, * * * immaterial, incompetent and prejudicial." The court overruled the objection and plaintiffs' counsel then stated, "What did you find that was amusing about that?" and defendant answered, "Well, I didn't

find nothing amusing about it—I thought there was nothing amusing about it." No other objection was then or there interposed. On redirect examination defendant stated further, "As to my smiling, when I talk I like to be pleasant about it. I never intended to make any laughing matter of Mr. and Mrs. Auen. * * * I certainly did not so intend if that was the impression they got."

▮ No motion to strike the objectionable matter was made and there was no motion for a mistrial due to the alleged misconduct of plaintiffs' counsel. Even the defendant's motion for a new trial did not include this as a ground, although several other grounds were listed. We, therefore, cannot consider it in this appeal.

▮ Obviously, if defendant had seriously considered this issue of misconduct of counsel, it would have been raised in appellant's motion for a new trial where the trial court could have passed upon it. The granting of a new trial on the ground of misconduct of counsel is a matter largely left to the discretion of the trial court, and this court has often said it will not interfere unless it affirmatively appears that such discretion was abused. The rule is so well established that we must assume defendant considered it when he listed his grounds for a new trial and left this one out. Sunberg v. Babcock, 66 Iowa 515, 24 N.W. 19.

The trial court is usually in the best position to determine the ill effect, if any, of remarks such as appear herein upon the jury, and that is why we first desire its consideration of the complaint. Hein v. Waterloo, C. F. & N. R. Co., 180 Iowa 1225, 162 N.W. 772. In passing, we may observe that there is nothing herein to indicate any prejudice resulting from that interrogation. The verdicts of $12,000 and $8000 for the plaintiffs, whose petitions asked for $75,000 and $50,000, are not indicative of passion and prejudice, especially in view of the seriousness of plaintiffs' injuries, conceded by defendant.

Having found no error, the judgment of the district court in both cases must be affirmed.—Affirmed.

All Justices concur.